# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MILDRED BALDWIN and RONALD STRUCKHOFF on behalf of themselves and others similarly situated, | Case No. 0:20-cv-01502 (JRT/HB) |
| Plaintiffs, | **DEFENDANT'S ANSWER** |
| v. | |
| MIRACLE-EAR, INC. | |
| Defendant. | |

Defendant Miracle-Ear, Inc. ("Defendant" or "Miracle-Ear"), in answer to Plaintiffs Mildred Baldwin's and Ronald Struckhoff's ("Plaintiffs") Class Action Complaint ("Complaint"), responds to each of Plaintiffs' numbered allegations as follows, and denies all allegations except as expressly admitted below. Miracle-Ear does not admit, and instead denies, any factual allegations contained in the unnumbered headings in Plaintiffs' Complaint.

1. With respect to the allegations in Paragraph 1 of the Complaint, Miracle-Ear admits that Plaintiffs have brought an action under the Telephone Consumer Protection Act ("TCPA") and that the TCPA is a federal statute. Miracle-Ear denies that Plaintiffs' TCPA action has merit and denies the remaining allegations in Paragraph 1 of the Complaint.

2. Miracle-Ear denies the allegations in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraph 3 of the Complaint, Miracle-Ear admits that Plaintiffs are seeking to litigate this case as a class action. Miracle-Ear denies that

this case is suitable for class treatment, denies that any class should be certified, and denies the remaining allegations in Paragraph 3 of the Complaint.

4. Miracle-Ear denies the allegations in Paragraph 4 of the Complaint.

5. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Miracle-Ear admits the allegations in Paragraph 7 of the Complaint.

8. With respect to the allegations in Paragraph 8 of the Complaint, Miracle-Ear admits that the TCPA is a federal law. Miracle-Ear denies that Plaintiffs have Article III standing under the United States Constitution. The remaining allegations in Paragraph 8 are legal conclusions that do not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

9. With respect to the allegations in Paragraph 9 of the Complaint, Miracle-Ear admits that it is headquartered in the District and does business in the District. Miracle-Ear does not dispute this Court's personal jurisdiction over Miracle-Ear. Miracle-Ear denies any remaining allegations in Paragraph 9.

10. With respect to the allegations in Paragraph 10 of the Complaint, Miracle-Ear admits that it does not dispute venue in this District. Miracle-Ear denies the remaining allegations in Paragraph 10.

11. Paragraph 11 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

12. Paragraph 12 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

13. Paragraph 13 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

14. Paragraph 14 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

15. Paragraph 15 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

16. Paragraph 16 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

17. Paragraph 17 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

18. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. With respect to the allegations in Paragraph 20 of the Complaint, Miracle-Ear admits it is hearing aid provider. Miracle-Ear denies the remaining allegations in Paragraph 20.

21. Miracle-Ear denies the allegations in Paragraph 21 of the Complaint.

22. Miracle-Ear denies the allegations in Paragraph 22 of the Complaint. Miracle-Ear affirmatively states that the link referenced in Paragraph 22 of Plaintiffs' Complaint may be a job post of a Miracle-Ear franchisee, but is not a post by Miracle-Ear, Inc.

23. With respect to the allegations in Paragraph 23 of the Complaint, Miracle-Ear denies that it called Plaintiffs and denies that it calls numbers registered on the National Do Not Call Registry. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24. With respect to the allegations in Paragraph 24 of the Complaint, Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Miracle-Ear denies the allegations in Paragraph 25 of the Complaint.

26. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Paragraph 27 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

28. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Miracle-Ear denies the allegations in Paragraph 32 of the Complaint and denies that it called Plaintiffs.

33. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear denies that it owns or is associated with the (844) 300-4252 number. Miracle-Ear denies the remaining allegations in Paragraph 38 of the Complaint.

39. Miracle-Ear denies that it owns or is associated with the (844) 300-4252 number. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies them.

42. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43. Paragraph 43 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations.

44. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies them.

46. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies them.

47. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies them.

48. Miracle-Ear denies the allegations in Paragraph 48 of the Complaint and denies that it called Plaintiffs.

49. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies them.

50. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies them.

51. Miracle-Ear denies that it owns or is associated with the number (314) 397-7595. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies them.

52. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies them.

53. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies them.

54. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies them.

55. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear denies the remaining allegations in Paragraph 55 of the Complaint.

56. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies them.

57. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies them.

58. Miracle-Ear denies that it called Plaintiffs. Paragraph 58 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Miracle-Ear denies the allegations. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint and therefore denies them.

59. Miracle-Ear denies that it called Plaintiffs. Paragraph 59 and its subparts (a) through (f) of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, Miracle-Ear denies the allegations. Miracle-Ear lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and its subparts (a) through (f) of the Complaint and therefore denies them.

60. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear does not know what "dialer" or "dialing system" is being referenced and thus lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint and therefore denies them.

61. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear does not know what "dialing system" is being referenced and thus lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint and therefore denies them.

62. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear does not know what "dialing system" is being referenced and thus lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint and therefore denies them.

63. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear does not know what "dialing system" is being referenced and thus lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and therefore denies them.

64. Miracle-Ear denies that it called Plaintiffs. Miracle-Ear does not know what is being referenced in Paragraph 64 and thus lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Complaint and therefore denies them.

65. Miracle-Ear denies that it called Plaintiffs and denies the remaining allegations in Paragraph 65.

66. With regard to Paragraph 66 of Plaintiffs' Complaint, Miracle-Ear admits that Plaintiffs purport to bring this action on behalf of a class or classes. Miracle-Ear denies that Plaintiffs are entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 66.

67. With regard to Paragraph 67 of Plaintiffs' Complaint, Miracle-Ear admits that Plaintiffs purport to bring this action on behalf of the identified classes. Miracle-Ear denies that Plaintiffs are entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 67.

68. With respect to the allegations in Paragraph 68 of the Complaint, Miracle-Ear admits that Plaintiffs purport to exclude certain individuals and entities from the classes described in Paragraph 67. Miracle-Ear denies that Plaintiffs are entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 68.

69. Miracle-Ear denies the allegations in Paragraph 69 of the Complaint.

70. Miracle-Ear denies the allegations in Paragraph 70 of the Complaint.

71. Miracle-Ear denies the allegations in Paragraph 71 of the Complaint.

72. Miracle-Ear denies the allegations in Paragraph 72 of the Complaint.

73. Miracle-Ear denies the allegations in Paragraph 73 of the Complaint.

74. Miracle-Ear denies the allegations in Paragraph 74 of the Complaint, including its subparts (a) through (e).

75. Miracle-Ear denies the allegations in Paragraph 75 of the Complaint.

76. Miracle-Ear denies the allegations in Paragraph 76 of the Complaint.

77. Miracle-Ear denies the allegations in Paragraph 77 of the Complaint.

78. Miracle-Ear denies the allegations in Paragraph 78 of the Complaint, including its subparts (a) through (d).

79. Miracle-Ear denies the allegations in Paragraph 79 of the Complaint.

80. Miracle-Ear incorporates its responses to Plaintiffs' allegations in Paragraph 1–79 of the Complaint herein.

81. Miracle-Ear denies the allegations in Paragraph 81 of the Complaint.

82. Miracle-Ear denies the allegations in Paragraph 82 of the Complaint.

83. Miracle-Ear denies the allegations in Paragraph 83 of the Complaint.

84. Miracle-Ear denies the allegations in Paragraph 84 of the Complaint.

85. Miracle-Ear incorporates its responses to Plaintiffs' allegations in Paragraph 1–84 of the Complaint herein.

86. Miracle-Ear denies the allegations in Paragraph 86 of the Complaint.

87. Miracle-Ear denies the allegations in Paragraph 87 of the Complaint.

88. Miracle-Ear denies the allegations in Paragraph 88 of the Complaint.

89. Miracle-Ear denies the allegations in Paragraph 89 of the Complaint.

90. Miracle-Ear denies that Plaintiffs are entitled to any of the relief requested in the section entitled "PRAYER FOR RELIEF," including its subparts A through G.

91. Miracle-Ear admits that Plaintiffs have demanded a jury trial. Miracle-Ear denies that Plaintiffs are entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Defendant Miracle-Ear states the following:

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls using a prerecorded voice when the called party has given his or her consent.

2. To the extent that Plaintiffs or the putative classes consented to receive calls, Plaintiffs' claims are barred.

3. Further, to the extent that the TCPA does not require consent, Plaintiffs' claims are barred.

### Second Affirmative Defense: Unconstitutionality of Statutory Damages

4. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

5. When directed at telephone calls, statutory damages under the TCPA could quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiffs or other called individuals and such damages would be excessive, improper, and/or unreasonable.

6. Statutory damages under these circumstances constitutes an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense: Lack of Standing

7. To establish standing under Article III of the United States Constitution, Plaintiffs and the proposed classes must show a concrete and particularized invasion of a legally protected interest.

8. To the extent Plaintiffs or putative class members consented to receive calls then they have not been harmed and do not have standing to sue under the TCPA.

9. To the extent Plaintiffs and members of the proposed classes have not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a

result of the conduct alleged, Plaintiffs and members of the proposed classes lack standing to bring this suit under Article III of the United States Constitution.

**Fourth Affirmative Defense: Claims Not Properly Certifiable Under Rule 23**

10. Plaintiffs' claims cannot be properly certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including, but not limited to:

    a) Whether each individual was contacted by Miracle-Ear, as alleged;

    b) Whether each individual or an agent of that individual provided consent prior to the contact;

    c) Whether the individual was called on a cell phone or a landline;

    d) Whether the individual was called on a business line or commercial line;

    e) Whether each call was a "telephone solicitation;"

    f) Whether the numbers called were registered on the National-Do-Not-Call Registry and were registered by the putative class member/owner of the phone number;

    g) Whether each called individual had an existing relationship with Miracle-Ear;

    h) Whether each individual wanted to receive the call or had requested to receive the call;

    i) Whether Miracle-Ear reasonably relied on consent provided by a prior owner of the phone number.

**WHEREFORE**, Miracle-Ear respectfully requests that the Court:

  A. Dismiss all of Plaintiff's claims against Miracle-Ear with prejudice and on the merits;

  B. Award Miracle-Ear all costs, disbursements, and reasonable attorney fees allowed by law; and

  C. Grant Miracle-Ear such other further relief the Court deems just and appropriate.


Dated: October 9, 2020     /s/ Erin L. Hoffman
              Erin L. Hoffman
              Bar Number 0387835
              Nathan Brennaman
              Bar Number 0331776
              Attorneys for Defendant
              *Miracle-Ear, Inc.*
              FAEGRE DRINKER BIDDLE & REATH LLP
              2200 Wells Fargo Center
              90 South Seventh Street
              Minneapolis, MN 55402-3901
              Telephone: (612) 766-7000
              Fax: (612) 766-1600
              erin.hoffman@faegredrinker.com
              nate.brennaman@faegredrinker.com

US.129394339.02