# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MILDRED BALDWIN and RONALD STRUCKHOFF on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MIRACLE-EAR, INC.<br><br>Defendant. | Case No. 0:20-cv-01502 (JRT/HB)<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 16 CASE MANAGEMENT CONFERENCE AND TO PERMIT THE ISSUANCE OF A SUBPOENA** |

## INTRODUCTION

Plaintiffs' Motion should be denied. Part of the relief Plaintiffs seek is now moot. A subpoena to Tiffany Davis and her franchises is no longer appropriate, given that Miracle-Ear seeks to implead those parties as third-party defendants in this case. As for Plaintiffs' request to begin discovery, the Court should deny it for all the reasons stated in Miracle-Ear's Motion to Stay. Plaintiffs' principal argument against a stay is the destruction of data, but Plaintiffs concede that Miracle-Ear has sent Ms. Davis and her franchises a preservation letter and do not provide any evidence that the franchises are destroying evidence. And the type of class-wide data that Plaintiffs seek in discovery would be premature at this stage of the case, as no class has been certified.

For these reasons, Plaintiffs' motion should be denied and a short stay should be issued pending the U.S. Supreme Court's decision in *Duguid* to prevent the unnecessary expenditure of resources by the parties and the Court.

**BACKGROUND**

Plaintiffs Baldwin and Struckhoff allege that Miracle-Ear placed unwanted calls in violation of the Telephone Consumer Protection Act, (Dkt. 1), but Miracle-Ear did not make the calls. The calls, if made at all, were made without Miracle-Ear's approval or knowledge—likely by Miracle-Ear franchisees. (*See* Dkt. 17, Declaration of Miracle-Ear employee, Cheryl Perisic ¶ 2, ("Miracle-Ear, Inc. did not make the calls to Mildred Baldwin and Ronald Struckhoff that are alleged in the Complaint. It is possible that the calls were made by a Miracle-Ear, Inc. franchisee. If a franchisee made the calls alleged, then Miracle-Ear, Inc. did not direct that the calls be made and had no knowledge of the calls or involvement in the calls.").) As Plaintiffs recognize in their Motion, Miracle-Ear sent a letter to Ms. Davis and her franchises on August 10, 2020, requesting them to retain and preserve all data related to Plaintiffs' claims, and Ms. Davis confirmed receipt of the letter.

Miracle-Ear filed a Motion to Stay the case on October 9, 2020, pending the U.S. Supreme Court's decision in *Facebook v. Duguid*, --- S. Ct. ----, 2020 WL 3865252 (2020), because that decision will decide the law that relates to one of the two claims in the case. (Dkts. 14, 16.) Plaintiffs have opposed that motion and filed the instant Motion to begin discovery, claiming, without any evidence, that documents and data are at risk of being destroyed. (Dkts. 20, 22.)

In the time since Plaintiffs filed their Motion, Miracle-Ear moved, unopposed, for leave to file a third-party complaint against proposed third-party defendants Las Davis Enterprises, Inc. ("Las Davis"), HearingPro, Inc. ("HearingPro"), and Tiffany Davis. (Dkt. 31.) Las Davis and Hearing Pro each operate two Miracle-Ear franchises that

collectively cover territory in Missouri, Illinois, Kansas, and Arkansas. (Dkt. 34, p. 2.) Those franchises are owned and operated by Tiffany Davis, who also signed a personal guaranty for the franchises' obligations in the franchise agreements. (*Id.*, pp. 3–4.)

The third-party complaint has not yet been served on Ms. Davis or her franchises, but Miracle-Ear will accomplish service as soon as the Court grants leave to file and summonses are issued.

**ARGUMENT**

Part of Plaintiffs' Motion is now moot—there is no reason for Plaintiffs to subpoena Miracle-Ear's franchisees now that Miracle-Ear has requested leave to implead them into the case. Miracle-Ear requests that the Court grant its unopposed motion for leave to file the third-party complaint, making the franchisees and Ms. Davis parties to the case, subject to the discovery timelines set out in Federal Rule of Civil Procedure 26(a), (d), and (f).

As for the remainder of the Plaintiffs' motion, this Court should stay the case rather than hold a Rule 16 conference and begin discovery. (Dkts. 14, 16.) As argued in greater depth in Miracle-Ear's Motion to Stay (Dkt. 16), a brief stay to await the decision in the *Duguid* case will prevent what may be a needless waste of resources conducting discovery on claims that may not be viable after a decision by the U.S. Supreme Court. *See Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 822 (D. Minn. 2016) (noting that a stay would "not only potentially conserve the resources of the parties, but also the resources of the Court").

Plaintiffs' stated desire to immediately collect all call data of all putative class members related to Plaintiffs' claims only highlights the need for a stay. If the Court denies a stay and allows discovery to go forward, Plaintiffs have made it abundantly clear that they

will engage in immediate, aggressive discovery which may prove to be completely unnecessary once the U.S. Supreme court decides *Duguid*.

Plaintiffs will not be prejudiced because any stay will likely be very short. Assuming the Court allows Miracle-Ear to file its third-party complaint, Ms. Davis and her franchises will be served and given the opportunity to file a responsive pleading. Any Rule 16 conference that involves all parties will therefore likely not occur until after the new year. By then, it will likely be less than six months before the U.S. Supreme Court rules in *Duguid*. (Dkt. 16, pp. 9–10.) A less-than-six-month delay is not prejudicial to Plaintiffs. *See, e.g.*, *Thompson v. Rally House of Kansas City, Inc.*, 2016 WL 9023433, at *4 (W.D. Mo. Jan. 25, 2016) ("A temporary stay of approximately five months . . . will result in little if any prejudice to Plaintiff as this case is in its infancy."). It is worthwhile for the parties and Court to wait six months to see if Plaintiffs' case will be limited by half, instead of scouring phone service provider records for data that may not be needed in the case.

Moreover, Plaintiffs' concerns about data are premature and overblown. First of all, the type of class-wide data for which Plaintiffs seek discovery is premature, given that no class has yet been certified in this case. *See, e.g.*, *City of Farmington Hills Employee Ret. Sys. v. Wells Fargo Bank*, 2012 WL 12898810, at *6 (D. Minn. Mar. 23, 2012) (explaining that it would be "premature to require Defendant" to provide highly-detailed information about putative class members "[u]nless and until the class is certified"); *Skinner v. GfK Custom Research N. Am.*, 2009 WL 10711777, at *3 (D. Minn. Feb. 10, 2009) ("[W]hen a plaintiff seeks discovery regarding the identities of other putative plaintiffs, this discovery is commonly authorized after conditional certification is granted."). Second, Plaintiffs have

4

provided no evidence that data is being destroyed by Ms. Davis or the franchisees and concedes that Miracle-Ear has sent a preservation letter to those parties. (*See* Dkt. 24 at 3.) As a result, any risk or prejudice Plaintiffs face is minimal. *Aleisa v. Square, Inc.*, 2020 WL 5993226, at *8 (N.D. Cal. Oct. 9, 2020); *Creasy v. Charter Commc'ns, Inc.*, 2020 WL 5761117, at *8 (E.D. La. Sept. 28, 2020); *Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020). Although Plaintiff states that some telecommunication companies do not keep data for the four-year-statutory period covered by the TCPA, that is not even relevant to this motion, as Plaintiff has only proposed issuing discovery to the franchisees and Ms. Davis—not telecommunication companies.

Moreover, there are narrower means to ensure preservation of relevant documents than the denial of the requested stay and wholesale initiation of discovery that Plaintiffs request. Now that the franchisees are being impleaded and their identities are known to Plaintiffs, Plaintiffs can reach out to the proposed third-party defendants to obtain their own assurances that data is being preserved. Plaintiffs can bring a more targeted motion to the Court if there are any issues that Plaintiffs cannot resolve with the proposed third-party defendants. As evidenced by the numerous orders cited in its motion, Plaintiffs are obviously versed in bringing that type of targeted motion, when necessary. (*See* Dkt. 24 at 6 (citing a court order in *Fitzhenry v. Career Education Corporation, et al.*, United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172).)

In short, given that the risk of prejudice to Plaintiffs is minimal, the duration of the stay will be short, and the risk that the parties and Court will expend unnecessary resources without a stay is high, the Court should deny Plaintiffs' motion for a Rule 16 conference and

5

grant a stay. *See Aleisa*, 2020 WL 5993226, at *8 (explaining that staying discovery pending resolution of *Duguid* will avoid wasting the parties' resources); *Canady*, 2020 WL 5249263, at *4.

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' motion to schedule a Rule 16 conference and to issue a subpoena. The latter request is moot given Miracle-Ear's motion to implead proposed third-party defendants, and the former request would defeat the purpose of staying the litigation.

Dated: November 6, 2020          /s/ Erin L. Hoffman
                                 Erin L. Hoffman
                                 Bar Number 0387835
                                 Nathan Brennaman
                                 Bar Number 0331776
                                 Attorneys for Defendant
                                  *Miracle-Ear, Inc.*
                                 FAEGRE DRINKER BIDDLE & REATH LLP
                                 2200 Wells Fargo Center
                                 90 South Seventh Street
                                 Minneapolis, MN 55402-3901
                                 Telephone: (612) 766-7000
                                 Fax: (612) 766-1600
                                 erin.hoffman@faegredrinker.com
                                 nate.brennaman@faegredrinker.com