## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

Mildred Baldwin and Ronald Struckhoff,
on behalf of themselves and others
similarly situated,

           Plaintiffs,

v.

Miracle Ear, Inc.,

           Defendant/Third Party Plaintiff,

v.

Las Davis Enterprises, Inc., HearingPro, Inc.,
and Tiffany Davis,

           Third Party Defendants.

Civil No. 20-cv-1502 (JRT/HB)


**ORDER SETTING PRETRIAL
SCHEDULING CONFERENCE**


       Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference will be held on **December 15, 2020, at 11:00 a.m. CST**, before United States Magistrate Judge Hildy Bowbeer, using a Conference Bridge.  Chambers will circulate the call-in instructions a few days before the conference.

       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel shall meet[1] prior to the scheduled pretrial conference to discuss settlement and the matters required by Fed. R. Civ. P. 26(f), and shall jointly prepare and file a complete written Report of the Rule 26(f) meeting **at least one week** prior to the pretrial conference. **PLEASE NOTE: The Report must be submitted in the attached format, which is also available in Word format on the Court's website**.  A copy of the Rule 26(f) Report in Word format must also be e-mailed to Magistrate Judge Bowbeer at ***bowbeer_chambers@mnd.uscourts.gov***.

---

[1]        Ordinarily, the Court encourages counsel to <u>physically</u> meet "in-person" unless they are in different cities and a meeting at which counsel are physically present together is not practicable.  In view of the current COVID-19 pandemic and associated restrictions, however, by "in-person" the Court means that counsel must hold their meeting by telephonic or videoconferencing means, not merely by an exchange of emails or letters.

Counsel are expected to review and familiarize themselves, <u>before</u> the Rule 26(f) conference, with recent amendments to the Federal Rules of Civil Procedure and the Local Rules for this District.

In addition, counsel for each party shall email to chambers **at least one week** before the pretrial conference a confidential settlement letter addressing the matters described in the attached Rule 26(f) Report form – see No. 2 under the section on Settlement in the Report form below.

If any defendant does not have counsel of record listed in this case, Plaintiff bears the responsibility to (1) immediately notify that party of this conference, and (2) inform that party of the requirements set forth in this notice.

Failure of any party or counsel to comply with any part of this Notice may result in the postponement of the pretrial conference, the imposition of an appropriate sanction on the party or attorney who failed to comply, or both.

Lead trial counsel should make every effort to attend the pretrial conference in person.  If this is not possible, substitute counsel who can knowledgeably discuss the dispute, the matters set forth in Fed. R. Civ. P. 16(c), the Rule 26(f) Report, and the status of settlement discussions should attend.  If lead counsel is not a member of the Minnesota bar, local counsel should also attend.  Counsel should contact Judy Kirby, Magistrate Judge Bowbeer's Courtroom Deputy/Judicial Assistant, at 651-848-1900 with respect to any matters concerning the pretrial conference.

Magistrate Judge Bowbeer generally discourages attendance by phone at the pretrial conference except where participation in person would impose an undue burden in view of the nature of the case, the amount in issue, and the matters likely to be discussed at the conference.  **If counsel wishes to appear by phone**, please contact Ms. Kirby at 651-848-1900 <u>prior to the pretrial conference</u> to make arrangements.

Dated:  November 17, 2020          <u> s/ *Hildy Bowbeer*          </u>
                                   HILDY BOWBEER
                                   United States Magistrate Judge

Attachment

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

\*,

            Plaintiff\*,                    Civil No. \*

v.

  \*,                              **RULE 26(f) REPORT**

            Defendant\*.

_____

      The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on _____, and prepared the following report.

      The pretrial conference in this matter is scheduled for _____, 20__, before United States Magistrate Judge Hildy Bowbeer in Courtroom 6B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota  55101.

## DESCRIPTION OF CASE

    1.     Concise Factual Summary of Plaintiff's Claims;

    2.     Concise Factual Summary of Defendant's claims/defenses;

    3.     Statement of Jurisdiction (including statutory citations);

    4.     Summary of Factual Stipulations or Agreements;

    5.     Statement of whether jury trial has been timely demanded by any party;

    6.     Statement of whether all process has been served;

    7.     If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

8.     If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

## CLASS CERTIFICATION MOTION (*if applicable*)

1.     Plaintiff(s) shall file their motion for class certification on or before _____.

2.     Defendant(s) shall file papers in opposition on or before _____.

3.     Plaintiff(s') reply shall be filed on or before _____.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan, and refers the parties to the Sedona Conference Cooperation Proclamation (2008) (copy attached).

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.     The parties must make their initial disclosures required by Rule 26(a)(1) on or before _____. If the parties plan to disclose documents by describing them by category and location, they will exchange copies of the documents themselves on or before _____.

2.      Fact discovery procedures must be commenced in time to be completed on or before _____.  The parties have discussed whether an interim date for the substantial completion of document production should be set to facilitate the scheduling and taking of depositions.  If so, document production should be substantially complete by _____.

3.      The parties **do / do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.  (If so, describe.)

4.      The parties propose that the Court limit the use and number of discovery procedures as follows:

   a)      No more than a total of _____ interrogatories, counted in accordance with Rule 33(a), shall be served by each party/side.[2]

   b)      No more than _____ document requests shall be served by each party/side.  The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

   c)      No more than _____ requests for admissions shall be served by each party/side.

5.      No more than _____ Rule 35 Medical Examinations shall be taken by Defendant(s) and completed by _____.

6.      No more than _____ fact depositions, including Rule 30(b)(6) depositions, shall be taken by each party/side.

7.      Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

_____

[2]      The parties must discuss and include in this section whether the proposed limitations should be "per side" or "per party", along with definitions of those terms if needed, and whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

The parties have reached the following additional agreements concerning the taking of depositions: _____.

8.      The parties have agreed upon the following additional limitations on discovery procedures: _____.

9.      <u>Other discovery issues</u>.

a)      Discovery of Electronically Stored Information.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: _____.

   ***NOTE:  If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference.  The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences:  A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation.  The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.***

b)      Claims of Privilege or Work Product Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502.  As a result of those discussions, the parties:

   i)      **<u>Do / do not</u>** request the Court to include the following agreement in the scheduling order:

      The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or

4

protection applicable to those documents in any this or any other federal or state proceeding.

ii)   **Do / do not** request the Court to include the following agreement(s) in the scheduling order:

Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

Privilege logs must be provided by the producing party [on or before _____] *OR* [within _____ days of the production from which documents were withheld].

If the parties have not agreed to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: _____.

## **EXPERT DISCOVERY**

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will/will not** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1.   The plaintiff(s) anticipate(s) calling _____ (number) of experts in the fields of: _____.

2.   The defendant(s) anticipate(s) calling _____ (number) of experts in the fields of: _____.

3.   Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)      Identities by Plaintiff[3] on or before _____.
             Disclosures by Plaintiff on or before _____.

    b)      Identities by Defendant on or before _____.
             Disclosures by Defendant on or before _____.

    c)      Rebuttal identities and disclosures on or before _____.

3.      Expert discovery, including depositions, shall be completed by _____.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.      Except as provided in paragraph 2 below, any motion that seeks to amend the pleadings or to add parties must be filed and served on or before _____.

2.      (If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before _____.

3.      Except as provided in paragraph 4 below, all other non-dispositive motions, including those that relate to fact discovery, must be filed and served on or before _____. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4.      All non-dispositive motions that relate to expert discovery must be filed and served on or before _____. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

5.      The parties **do / do not** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

---

[3]     The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines by the party who bears the burden of proof on an issue rather than by plaintiff or defendant.

## PROTECTIVE ORDER

The parties **do / do not** **intend to submit a proposed Protective Order.**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**PLEASE NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are further directed to Magistrate Judge Bowbeer's Practice Pointers and Preferences with regard to this topic (copy attached). The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

## DISPOSITIVE MOTION DEADLINES

1.  The parties **do / do not** believe that expert discovery must be completed before dispositive motions are filed.

2.  The parties **do / do not** believe that early dispositive motions (i.e, before the completion of all fact and expert discovery) on one or more issues could be of material assistance in resolving the case. If so, describe: _____.

3.  The parties recommend that all dispositive motions (including *Daubert* motions) be filed and served (and heard, depending on District Judge assigned) on or before _____.

## SETTLEMENT

1.  The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be

productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows: _____.

2.      Each party must email to Magistrate Judge Bowbeer's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth any additional, confidential information about the party's interest in settlement or possible settlement proposals that may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts.  **PLEASE NOTE:**  This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bowbeer for ruling.

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1.      Trial by Magistrate Judge:

The parties **have/have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.)  Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The parties agree that this case will be ready for trial on _____. The anticipated length of the (**bench/jury**) trial is _____ days.


DATE: _____          _____
                                      Plaintiff's Counsel
                                      License #
                                      Address
                                      Phone #
                                      E-mail

DATE: _____     _____
                                   Defendant's Counsel
                                   License #
                                   Address
                                   Phone #
                                   E-mail

Rev. March 2020

# MAGISTRATE JUDGE HILDY BOWBEER
## Practice Pointers and Preferences

# CONTACT WITH CHAMBERS

Chambers phone:  (651) 848-1900
Chambers email:  *bowbeer_chambers@mnd.uscourts.gov*
Courtroom Deputy/Judicial Assistant:  Judy Kirby

- Magistrate Judge Bowbeer's last name is pronounced Bōw-beer.  The accent is on the first syllable.

- Magistrate Judge Bowbeer encourages you to call her chambers and speak with her Courtroom Deputy/Judicial Assistant, if you have questions about her practice pointers and preferences.

- The Court is aware that incarcerated, detained, or otherwise confined individuals may not be able to comply with all of these practice pointers.  In such cases, the Court expects compliance only to the extent possible and practical.

- Members of Magistrate Judge Bowbeer's chambers have been instructed not to provide answers to legal questions over the telephone.  This includes procedural questions that would be governed by the Federal Rules of Civil Procedure or the Local Rules for the District of Minnesota.

- When calling in for a scheduled telephone conference with Magistrate Judge Bowbeer, the moving party must have all parties on the line before calling chambers unless otherwise instructed by the Court.

- When calling the Court with a question regarding a specific case, please first identify yourself and the party you represent, and have the case name and number ready.

- When sending e-mail to the chambers, please be sure to include the case number <u>and</u> short name of the case in the Subject line.

- If you need clarification regarding an order entered by Magistrate Judge Bowbeer, please do not call chambers.  Instead, file a letter on CM/ECF asking Magistrate Judge Bowbeer for clarification.

- If you have a question about how to file a document on CM/ECF, please call the Technical Help Desk in the office of the Clerk of Court at (612) 664-5155.  You

1

Rev. March 2020

are also directed to the District's CM/ECF page, which has a number of useful resources.  http://www.mnd.uscourts.gov/cmecf/reference_guides.shtml

- Requests for hearing transcripts are now handled through CM/ECF.  Please contact the office of the Clerk of Court at 651-848-1100 or the Technical Help Desk at 612-664-5155 if you have any questions.

# FIRST PRETRIAL CONFERENCE

- Pursuant to the Notice of Pretrial Conference, the parties must submit in advance of the pretrial conference a Rule 26(f) Report in the form attached to the Notice issued by the Court.

- The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences:  A Guide for Practitioners," developed by the Federal Practice Committee to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation.  The Guide is available on the Court's website under the Court Forms tab, in the Pretrial, Discovery, and Trial Forms section.

- Email a courtesy copy of the pretrial conference Rule 26(f) Report in Word format to chambers at *bowbeer_chambers@mnd.uscourts.gov* when it is filed on ECF. A hard copy of the Rule 26(f) Report is not required.

- In addition to the Rule 26(f) Report, each party must email to Magistrate Judge Bowbeer's chambers by the date specified in the Notice of Pretrial Conference a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive.

- If any party believes a protective order will be necessary, it should raise the subject with all other parties during the Rule 26(f) meet-and-confer, and attempt to reach agreement as to the terms of the protective order to the extent possible before the Rule 26(f) Report is filed.  The proposed protective order should be emailed to chambers in Word format along with the courtesy copy of the Rule 26(f) Report, identifying any areas of disagreement so that they can be discussed at the pretrial conference.  (See Protective Orders and Sealed Documents, below.)

- Participation in Rule 16 conferences should ordinarily be in person, with lead trial counsel and local counsel (if lead counsel is not admitted to the Minnesota bar) present.  However, participation by telephone will be considered at the request of a party where attendance in person would impose an undue burden or expense in view of the nature of the case, the amount in issue, and the matters likely to be discussed at the conference.  Magistrate Judge Bowbeer welcomes the

Rev. March 2020

attendance of newer lawyers, externs, law clerks, and mentees at Rule 16 conferences.

# PROTECTIVE ORDERS AND SEALED DOCUMENTS

- If any party believes any of the documents or information likely to be produced or cited in the case should be restricted in access or use during the pendency of the case, the parties are encouraged to seek a protective order at the inception of the case, before discovery begins.  If no protective order is in place by the time documents are to be produced, documents asserted to be confidential may not be withheld on the basis that no protective order is yet in place.  Instead, the producing party must produce the documents to opposing counsel for attorney's review only; after the protective order is entered, the producing party must designate the documents under the protective order.

- If a party files a document containing confidential information with the Court, it must do so in accordance with Local Rule 5.6.  The joint motion for continued sealing must be filed using the Joint Motion Regarding Continued Sealing Form.  See http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Joint-Motion-Form.pdf. The parties are reminded that the designation of material by a party during discovery as confidential pursuant to a protective order, while sufficient to justify the initial filing of the document under temporary seal, will not by itself justify continued sealing.  The joint motion must identify with specificity the portions of each document the party or parties consider to be confidential (ideally by reference to a redacted document already on file or attached to the joint motion) and the specific reasons for the claim of confidentiality, tailored to the particular information at issue.

- If a party files a document under seal in connection with a motion to be heard by Magistrate Judge Bowbeer, the party must hand-deliver to her chambers a courtesy hard copy of that document on which the confidential information (i.e., the information that was redacted from the publicly filed document) is **highlighted in yellow**.  The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy hard copy of that document must so note.  Courtesy hard copies must be delivered to Magistrate Judge Bowbeer's chambers the same day the documents are filed on CMECF.

- Counsel are strongly encouraged to meet and confer to the extent practicable prior to filing documents under seal to attempt to reach agreement on whether information designated by a party as confidential pursuant to a protective order should be de-designated and therefore need not be filed under seal.

Rev. March 2020

## STIPULATIONS AND PROPOSED ORDERS

- Counsel must comply with the electronic filing rules relating to the submission of stipulations and proposed orders.  A stipulation must be filed electronically.  A courtesy hard copy of the stipulation is not required.  A proposed order must be a separate document, in Word format, emailed to chambers at *bowbeer_chambers@mnd.uscourts.gov*, and must reference the docket number of the motion or stipulation to which it relates.  If the proposed order is a protective order, please restate the text of the protective order within the proposed order rather than simply referring to the motion or stipulation.

- For non-dispositive motions, the proposed order must specifically identify the relief you seek (for example, for a motion to compel, identify in your proposed order each discovery request for which you seek relief and the relief sought) rather than simply state that the motion is "granted" or "denied."

- Even where the parties agree upon the relief sought, a stipulation or joint motion must always include the information required by the Local Rules (for example, in a stipulation for modification of the scheduling order, the information required by Local Rule 16.3) to support the request for relief.

## SCHEDULING AND CONDUCT OF HEARINGS

- The obligation to meet and confer before filing a non-dispositive motion, as set forth in the Local Rules, is critical.  A mere exchange of emails or letters without diligent attempts at personal contact will generally not be considered sufficient to discharge this obligation.

- All motions to be heard by Magistrate Judge Bowbeer must be scheduled through her Courtroom Deputy, at 651-848-1900.  Pursuant to Local Rule 7.1(b), **a date for the hearing of any non-dispositive motion must be obtained before the motion is filed**.

- All non-dispositive motions must be filed and served, but need not be fully briefed or heard, by the applicable deadline set forth in the scheduling order.

- When scheduling a motion, the parties should work together and inform the Courtroom Deputy of all motions pending or anticipated in a particular case so that they can be heard at the same time.  The parties should also inform the Courtroom Deputy if there are related cases with related motions.

- When a motion must be rescheduled, it is helpful to have all parties on the line at the same time so that a new date/time can be provided that will work for all parties.

Rev. March 2020

- Even if the parties to a dispute agree that the motion can be submitted on the papers without a hearing, the moving party must call the Courtroom Deputy to set the date for submission of the matter to the Court.  The matter will be deemed submitted upon receipt of the last filing.  Magistrate Judge Bowbeer ultimately will determine whether to hold a hearing on the matter.

- As a general rule, Magistrate Judge Bowbeer schedules an hour for hearings.  You must inform the Courtroom Deputy well ahead of time if you anticipate that more time will be needed so that Magistrate Judge Bowbeer and court personnel can arrange their schedules accordingly.  Once a motion has been scheduled, do not add motions without calling the Courtroom Deputy to make sure there is enough time scheduled for all of the motions to be heard.

- Before filing a formal non-dispositive motion on a particular dispute, the parties should confer on whether the issue can be resolved instead through an informal telephone conference with Magistrate Judge Bowbeer.  Please see the applicable pretrial order for the process, limitations, and expectations regarding this informal dispute resolution option.

- If a motion or case is resolved, please notify chambers as soon as possible so that any scheduled hearing can be removed from the calendar.  If a motion has been partially resolved, please notify chambers to let the Court know what parts have been resolved and no longer need to be addressed by the Court.  If time permits, notification should be by joint stipulation, as provided by Local Rule 7.1(a)(2).

## WRITTEN SUBMISSIONS

- Before you file any motion, make sure you are in compliance with the Local Rules and the pretrial scheduling order in effect in the case.  For example, all motions to modify the pretrial scheduling order require compliance with Local Rule 16.3.

- Magistrate Judge Bowbeer expects strict adherence to the word count, type size, and format requirements set forth in the Local Rules.  Magistrate Judge Bowbeer strongly discourages the use of procedural devices (such as splitting a motion to dismiss several counts of a complaint into separate motions) to circumvent the word count limit.  You must obtain leave of Court before filing a memorandum or other submission that exceeds the word count or page limits set by this Court, the Local Rules, or the Federal Rules of Civil Procedure.

- For all motions to compel discovery, Magistrate Judge Bowbeer requires that each interrogatory or request, response, and objection at issue be set forth verbatim within your memorandum of law, followed immediately by your explanation of why the discovery is needed for your case and why the response

5

Rev. March 2020

is inadequate or the objection improper.  Magistrate Judge Bowbeer will not address any discovery dispute that is not raised in this manner.  If, because of the number of requests at issue, this requirement would cause a party to exceed the word count limit set forth in the Local Rules, Magistrate Judge Bowbeer will entertain a request for relief from the word count limit under Local Rule 7.1(f)(1)(D).

• You may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile, provided that you file your initial motion and supporting papers no less than 21 days before the hearing date, and you file your reply no more than 7 days after the other side files its response arguing futility.  To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility.  In such cases, the total word count for the opening and reply memoranda may not exceed 12,000 words unless otherwise authorized.

  For all other non-dispositive motions, you must obtain leave of Court before filing a reply memorandum.  If the court grants leave to file a reply, the reply must be e-filed and delivered to chambers no later than four days after the filing of a response to a non-dispositive motion.  For a case involving one or more parties who are not on the court's CM/ECF system (e.g., a case involving *pro se* litigants), the Court will set a date by which any reply is to be served and filed.  Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

• As soon after filing as practicable, the parties must hand-deliver one courtesy hard copy of each document filed with the Court.  The hard copy should be collated and organized, with the CM/ECF legend showing the docket number of the filed materials at the top of each page.  If it is not practicable to provide a copy with the CM/ECF legend, please label each page with the applicable CM/ECF docket number.  Attachments and exhibits should be paginated and accompanied by an index that explains where specific exhibits can be found in the attachments.  Any reference to an exhibit or attachment in your brief or memorandum should be precise enough to allow the Court to find the relevant page or pages quickly and easily.  If the materials are very voluminous, Magistrate Judge Bowbeer and her staff would appreciate receiving the courtesy copies 3-hole punched with tabbed documents and exhibits; please **do not** submit the materials in binders.  The copies can be delivered to the Clerk's Office.

• Any exhibits filed electronically must be attached to an affidavit that explains where specific exhibits can be found in the electronic attachments.

Rev. March 2020

- A motion to amend a pleading or a scheduling order must be accompanied by a "redline" version of the proposed amended pleading or order showing the differences between it and the original.

- If you file a letter to Magistrate Judge Bowbeer on ECF, even if filed at her request or with her permission, you must also email a copy of the letter to *bowbeer_chambers@mnd.uscourts.gov*, copying counsel of record. This is particularly important on time-sensitive matters, as documents filed on ECF will ordinarily not come to the Court's attention until the next business day. Nothing in this paragraph, however, should be viewed as granting permission to file or send a letter that has not been requested by the Court or otherwise authorized by Court order or the Rules.

## SETTLEMENT CONFERENCES

- Be sure to read thoroughly and comply fully with any Order for Settlement Conference issued by the Court. Among other things, this Order requires the parties to send to the Court, in advance of the conference, a confidential letter addressing several topics. That letter is critical not only to the Court's preparation for a productive conference, but also to your and your client's preparation.

- All parties whose authority is necessary to settle the case must attend in person. Party representatives and their counsel must be prepared to spend the entire day, and even the evening, at the settlement conference. They should, therefore, be prepared to change any commitments, events, or travel plans they may have made for the afternoon or evening, if Magistrate Judge Bowbeer concludes that the parties are making or could yet make progress at the conference.

- Magistrate Judge Bowbeer may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, Magistrate Judge Bowbeer will in her discretion consider joint or ex parte requests that she schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any ex parte request must be strictly limited to the topic of settlement and may not comment on any matter that may come before Magistrate Judge Bowbeer for a ruling. Such requests must be submitted by email to *bowbeer_chambers@mnd.uscourts.gov*. Magistrate Judge Bowbeer will treat such ex parte requests as confidential unless otherwise advised.

Rev. March 2020

# IN COURT

- Judge Bowbeer expects that in both written submissions and oral argument, counsel will focus on the merits of their client's position and refrain from rhetoric that denigrates the intelligence, ethics, morals, motives, integrity, or personal behavior of the opposing party or its counsel, unless such matters are directly at issue in the proceeding.

- Be prompt.  Counsel and parties should allow enough time for travel, taking into account weather, traffic congestion and road construction, to ensure that they will be present and ready to proceed at the designated starting time.

- Do not bring food or beverages, other than water, into the courtroom.

- Magistrate Judge Bowbeer has no preference as to which side sits at which counsel table.

- Stand at the podium when addressing the Court and counsel, and speak directly into the microphone.  The podium can be adjusted up and down.

- Direct your oral arguments to the Court, not to opposing counsel, the law clerk, or to other court personnel.

- Address the Court and opposing counsel with civility and formality.

- In preparing for oral argument, keep in mind that Magistrate Judge Bowbeer will have read all timely-filed written submissions.  Therefore, rather than repeating the arguments set forth in your written submissions, focus your oral argument on responding to your opponent's arguments.

- If you submit additional case law or exhibits at oral argument, you must first furnish such materials to opposing counsel.  Bring enough copies to provide one each to other parties represented at the motion and <u>two</u> for the Court.

- If you intend to use courtroom technology during hearings or at trial, please become familiar with it before the hearing.  Training can be arranged through the Courtroom Deputy.  Please bring hard copies of any PowerPoint™ or other presentation graphics for the Court and opposing counsel.

- Magistrate Judge Bowbeer is located in the St. Paul Courthouse, Courtroom 6B, but on occasion may hold hearings in Minneapolis.  <u>Please make sure to verify the location of the hearing in advance of the hearing date to avoid delays resulting from going to the wrong courthouse.</u>

Rev. March 2020

# OPPORTUNITIES FOR LESS-EXPERIENCED LAWYERS.

- Magistrate Judge Bowbeer strongly encourages parties and lead counsel to consider opportunities for less-experienced lawyers to take speaking roles in conferences, hearings, trials, and other litigation proceedings.  In furtherance of this goal, she is willing to consider modifying her typical courtroom procedures where appropriate in order to facilitate, or remove potential barriers to, those opportunities.

- **Pretrial Planning:**  The Rule 26(f) process, the Rule 16 conference, and final pretrial conferences are occasions for counsel to discuss with their respective clients, with each other, and, where applicable, with the Court, case-appropriate opportunities and accommodations for less-experienced lawyers to participate more fully throughout the litigation.  These opportunities for participation include, for example, the Rule 16 conference and other court conferences, depositions, meet and confers, motion practice, settlement conferences, and trial.

- **Motion Hearings:**  Indisputably, the decision of who should argue a motion is that of lead counsel in consultation with the client. But a less-experienced lawyer who was deeply involved in the preparation of motion papers may be more knowledgeable about the facts, circumstances, and law underlying that motion, and therefore of greater assistance to the Court's understanding, than the more senior lawyer who might ordinarily make the argument. Accordingly, Magistrate Judge Bowbeer encourages the parties and their counsel to consider having that less-experienced lawyer handle all or part of the oral argument on a motion in which he or she was significantly involved.  To facilitate a speaking opportunity for a less-experienced attorney, Magistrate Judge Bowbeer is willing, upon timely request, to make reasonable accommodations such as, for example, allowing the argument to be split between counsel, providing additional time for argument, and/or permitting the less-experienced lawyer who makes the argument an opportunity to consult with lead counsel if an issue arises that requires the latter's input.

- **Settlement Conferences:**  Magistrate Judge Bowbeer expects that lead trial counsel will attend all settlement conferences, as the client will look to that attorney for insight and guidance about the strengths, challenges, and costs of its case and the comparative value of a possible settlement.  That said, the parties and their counsel are encouraged to consider whether a less-experienced attorney who has played a significant role in the litigation should also attend the settlement conference.  That less-experienced attorney may be able to bring an additional valuable perspective to the process if, for example, he or she has built a relationship of trust with the client, is particularly familiar with key documents or testimony, or is conversant with the case law around a pivotal legal issue.

Rev. March 2020

- **Trials:**  In cases in which the parties have consented to Magistrate Judge Bowbeer for all purposes, including trial, counsel are encouraged to discuss with their respective clients and with opposing counsel case-appropriate opportunities and accommodations for less-experienced lawyers to participate at trial, and to discuss this subject with Magistrate Judge Bowbeer during the final pretrial conference.  To facilitate those opportunities, Magistrate Judge Bowbeer may permit, upon timely request and to the extent consistent with available time and the attention and understanding of the jury, accommodations such as splitting of oral arguments on disputed issues, allowing additional time for oral arguments, permitting a less-experienced lawyer to conduct a portion of the examination of a witness, permitting both a less-experienced and more experienced lawyer to defend the same witness and make non-cumulative objections, and/or splitting of opening statements and closing arguments.

- **No Adverse Inferences:**  Magistrate Judge Bowbeer will draw no inference about the importance or merits of a particular issue, witness, or motion based on the relative seniority of the lawyer involved.  She will not assume, for example, that a motion is less meritorious or less important because a less-experienced attorney has been selected to argue it.  At the same time, she recognizes that there may be a number of reasons why a client or lead counsel may choose not to have a less-experienced attorney take on a particular speaking role, and she will draw no adverse inference from that choice. But regardless of the selection of counsel for any speaking opportunity, all attorneys appearing before Magistrate Judge Bowbeer are expected to be adequately prepared and thoroughly familiar with the factual record, the applicable law, and the materials filed with the Court, and to conduct themselves in accordance with the highest standards of professionalism and civility.

THE SEDONA CONFERENCE WORKING GROUP SERIES



# THE SEDONA CONFERENCE COOPERATION PROCLAMATION

*Dialogue Designed to Move the Law Forward in a Reasoned and Just Way*



# The Sedona Conference Cooperation Proclamation

Reprints

The Sedona Conference hereby expressly grants any interested party royalty-free reprint rights to this specific document.



Copyright 2008
The Sedona Conference
All Rights Reserved.
Visit www.thesedonaconference.org

# The Sedona Conference Cooperation Proclamation

*The Sedona Conference launches a coordinated effort to promote cooperation by all parties to the discovery process to achieve the goal of a "just, speedy, and inexpensive determination of every action."*

The costs associated with adversarial conduct in pre-trial discovery have become a serious burden to the American judicial system. This burden rises significantly in discovery of electronically stored information ("ESI"). In addition to rising monetary costs, courts have seen escalating motion practice, overreaching, obstruction, and extensive, but unproductive discovery disputes – in some cases precluding adjudication on the merits altogether – when parties treat the discovery process in an adversarial manner. Neither law nor logic compels these outcomes.

With this Proclamation, The Sedona Conference launches a national drive to promote open and forthright information sharing, dialogue (internal and external), training, and the development of practical tools to facilitate cooperative, collaborative, transparent discovery. This Proclamation challenges the bar to achieve these goals and refocus litigation toward the substantive resolution of legal disputes.

## Cooperation in Discovery is Consistent with Zealous Advocacy

Lawyers have twin duties of loyalty: While they are retained to be zealous advocates for their clients, they bear a professional obligation to conduct discovery in a diligent and candid manner. Their combined duty is to strive in the best interests of their clients to achieve the best results at a reasonable cost, with integrity and candor as officers of the court. Cooperation does not conflict with the advancement of their clients' interests - it enhances it. Only when lawyers confuse advocacy with adversarial conduct are these twin duties in conflict.

Lawyers preparing cases for trial need to focus on the full cost of their efforts – temporal, monetary, and human. Indeed, all stakeholders in the system – judges, lawyers, clients, and the general public – have an interest in establishing a culture of cooperation in the discovery process. Over-contentious discovery is a cost that has outstripped any advantage in the face of ESI and the data deluge. It is not in anyone's interest to waste resources on unnecessary disputes, and the legal system is strained by "gamesmanship" or "hiding the ball," to no practical effect.

Effort to change the culture of discovery from adversarial conduct to cooperation is not utopian.[1] It is, instead, an exercise in economy and logic. Establishing a culture of cooperation will channel valuable advocacy skills toward interpreting the facts and arguing the appropriate application of law.

---

[1]   Gartner RAS Core Research Note G00148170, *Cost of eDiscovery Threatens to Skew Justice System,* 1D# G00148170, (April 20, 2007), at http:// www.h5technologies.com/pdf/gartner0607.pdf . (While noting that "several . . . disagreed with the suggestion [to collaborate in the discovery process] . . . calling it 'utopian'", one of the "take-away's" from the program identified in the Gartner Report was to "[s]trive for a collaborative environment when it comes to eDiscovery, seeking to cooperate with adversaries as effectively as possible to share the value and reduce costs.").

# *The Sedona Conference Cooperation Proclamation*

## Cooperative Discovery is Required by the Rules of Civil Procedure

When the first uniform civil procedure rules allowing discovery were adopted in the late 1930s, "discovery" was understood as an essentially cooperative, rule-based, party-driven process, designed to exchange relevant information. The goal was to avoid gamesmanship and surprise at trial. Over time, discovery has evolved into a complicated, lengthy procedure requiring tremendous expenditures of client funds, along with legal and judicial resources. These costs often overshadow efforts to resolve the matter itself. The 2006 amendments to the Federal Rules specifically focused on discovery of "electronically stored information" and emphasized early communication and cooperation in an effort to streamline information exchange, and avoid costly unproductive disputes.

Discovery rules frequently compel parties to meet and confer regarding data preservation, form of production, and assertions of privilege. Beyond this, parties wishing to litigate discovery disputes must certify their efforts to resolve their difficulties in good faith.

Courts see these rules as a mandate for counsel to act cooperatively.[2] Methods to accomplish this cooperation may include:

1. Utilizing internal ESI discovery "point persons" to assist counsel in preparing requests and responses;

2. Exchanging information on relevant data sources, including those not being searched, or scheduling early disclosures on the topic of Electronically Stored Information;

3. Jointly developing automated search and retrieval methodologies to cull relevant information;

4. Promoting early identification of form or forms of production;

5. Developing case-long discovery budgets based on proportionality principles; and

6. Considering court-appointed experts, volunteer mediators, or formal ADR programs to resolve discovery disputes.

## The Road to Cooperation

It is unrealistic to expect a *sua sponte* outbreak of pre-trial discovery cooperation. Lawyers frequently treat discovery conferences as perfunctory obligations. They may fail to recognize or act on opportunities to make discovery easier, less costly, and more productive. New lawyers may not yet have developed cooperative advocacy skills, and senior lawyers may cling to a long-held "hide the ball" mentality. Lawyers who recognize the value of resources such as ADR and special masters may nevertheless overlook their application to discovery. And, there remain obstreperous counsel with no interest in cooperation, leaving even the best- intentioned to wonder if "playing fair" is worth it.

---

2   *See*, e.g., *Board of Regents of University of Nebraska v BASF Corp.* No. 4:04-CV-3356, 2007 WL 3342423, at *5 (D. Neb. Nov. 5, 2007) ("The overriding theme of recent amendments to the discovery rules has been open and forthright sharing of information by all parties to a case with the aim of expediting case progress, minimizing burden and expense, and removing contentiousness as much as practicable. [citations omitted]. If counsel fail in this responsibility—willfully or not—these principles of an open discovery process are undermined, coextensively inhibiting the courts' ability to objectively resolve their clients' disputes and the credibility of its resolution.").

**wgs**

2

# *The Sedona Conference Cooperation Proclamation*

This "Cooperation Proclamation" calls for a paradigm shift for the discovery process; success will not be instant. The Sedona Conference views this as a three-part process to be undertaken by The Sedona Conference Working Group on Electronic Document Retention and Production (WG1):

> Part I: Awareness - Promoting awareness of the need and advantages of cooperation, coupled with a call to action. This process has been initiated by The Sedona Conference Cooperation Proclamation.

> Part II: Commitment - Developing a detailed understanding and full articulation of the issues and changes needed to obtain cooperative fact-finding. This will take the form of a "Case for Cooperation" which will reflect viewpoints of all legal system stakeholders. It will incorporate disciplines outside the law, aiming to understand the separate and sometimes conflicting interests and motivations of judges, mediators and arbitrators, plaintiff and defense counsel, individual and corporate clients, technical consultants and litigation support providers, and the public at large.

> Part III: Tools - Developing and distributing practical "toolkits" to train and support lawyers, judges, other professionals, and students in techniques of discovery cooperation, collaboration, and transparency. Components will include training programs tailored to each stakeholder; a clearinghouse of practical resources, including form agreements, case management orders, discovery protocols, etc.; court-annexed e-discovery ADR with qualified counselors and mediators, available to assist parties of limited means; guides for judges faced with motions for sanctions; law school programs to train students in the technical, legal, and cooperative aspects of e-discovery; and programs to assist individuals and businesses with basic e-record management, in an effort to avoid discovery problems altogether.

## Conclusion

It is time to build upon modern Rules amendments, state and federal, which address e-discovery. Using this springboard, the legal profession can engage in a comprehensive effort to promote pre-trial discovery cooperation. Our "officer of the court" duties demand no less. This project is not utopian; rather, it is a tailored effort to effectuate the mandate of court rules calling for a "just, speedy, and inexpensive determination of every action" and the fundamental ethical principles governing our profession.

