## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

MILDRED BALDWIN and RONALD
STRUCKOFF, on behalf of themselves and other
similarly situated,

        Plaintiffs

vs.

MIRACLE-EAR, INC.

        Defendant/Third-Party Plaintiff

vs.

LAS DAVIS ENTERPRISES, INC.; HEARINGPRO,
INC.; and TIFFANY DAVIS

        Third-Party Defendants.

_____

Case No. 0-20-cv-1502 (JRT/HB)

**RULE 26(f) REPORT**

     The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 23 and December 4, 2020, and prepared the following report.

     The pretrial conference in this matter is scheduled for December 15, 2020, before United States Magistrate Judge Hildy Bowbeer in Courtroom 6B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

## DESCRIPTION OF CASE

     1.    Concise Factual Summary of Plaintiffs' Claims;

On October 15, 2020, Plaintiffs Mildred Baldwin and Ronald Struckhoff filed this

class action lawsuit against defendant Miracle-Ear, Inc. ("Miracle-Ear") alleging violations of

the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In the Complaint,

Plaintiff Mildred Baldwin alleges Miracle-Ear violated the TCPA by telemarketing via

unsolicited telemarketing calls to the personal phones of Plaintiff Baldwin and potential nationwide class members who were listed on the National Do Not Call Registry (the "DNC Claim") and Plaintiff Ronald Struckhoff alleges Miracle-Ear violated the TCPA by using an automatic telephone dialing system ("ATDS") to contact his cell phone and the cell phones of potential nationwide class members (the "ATDS Claim").

2.      Concise Factual Summary of Defendant's claims/defenses:

Miracle-Ear:

Miracle-Ear did not make the telephone calls at issue and cannot be held vicariously liable for the calls. Miracle-Ear did not direct that the calls be made or have any knowledge of, or involvement in, the calls. Miracle-Ear has therefore brought third-party claims against the Miracle-Ear franchises who it believes may have made the calls, if any, that Plaintiffs' allege in their Complaint, seeking *inter alia* indemnity and contribution.  Miracle-Ear has other defenses to Plaintiffs' claims.

Third-Party Defendants:

Las Davis Enterprises, Inc., HearingPro, Inc., and Tiffany Davis (collectively, "Third-Party Defendants") deny the material allegations set forth in Miracle Ear's Third-Party Complaint and dispute the contentions raised therein. Among other denials and defenses, and to the extent Plaintiffs and Miracle Ear can establish Third-Party Defendants placed telephone calls to Plaintiffs, such calls (1) were initiated by Plaintiffs; (2) were initiated by Third-Party Defendants pursuant to Plaintiffs' consent; (3) were not

initiated through the use of an ATDS; and/or (4) did not contain an advertisement or solicitation.

3.      Statement of Jurisdiction (including statutory citations);

The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

4.      Summary of Factual Stipulations or Agreements;

The Parties have not entered into any factual stipulations or agreements.

5.      Statement of whether jury trial has been timely demanded by any party;

Plaintiffs have demanded a jury trial. Miracle-Ear has not requested a jury trial and believes that Plaintiffs are not entitled to a jury trial. Third-Party Defendants have not yet responded to the Third-Party Complaint, but intend to demand a jury trial to the extent permitted by applicable law.

6.      Statement of whether all process has been served;

Yes.

7.      If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Miracle-Ear:

Miracle-Ear does not have any insurance policy that would cover TCPA liability. As stated in its Third-Party Complaint, Miracle-Ear alleges HearingPro, Inc., Las Davis

Enterprises, and Tiffany Davis must indemnify Miracle-Ear to the extent it is found liable to Plaintiffs in this case.

Third-Party Defendants:

Third-Party Defendants are not aware of any applicable insurance agreement at this time.

8.     If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

The parties do not unanimously agree.

**CLASS CERTIFICATION MOTION (*if applicable*)**

1.     Plaintiff(s) shall file their motion for class certification on or before **December 9, 2021**.

2.     Defendant(s) shall file papers in opposition on or before **January 13, 2022**_____.

**3.**     Plaintiff(s') reply shall be filed on or before **January 27, 2022.**

**DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation.  The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case.  The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan, and refers the parties to the Sedona Conference Cooperation Proclamation (2008) (copy attached).

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **December 30, 2020**. The parties plan to disclose documents by describing them by category and location.

2. Fact discovery procedures related to class certification and individual merits must be commenced in time to be completed on or before **September 1, 2021**. The parties will meet and confer regarding a proposed deadline for merits discovery for any potential certified class, should Plaintiffs' class certification motion be granted.

3. The parties **disagree** on whether discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

Miracle-Ear believes that discovery should be bifurcated. The first phase of

discovery would include discovery necessary for class certification. The first phase of

discovery would also include discovery on whether Miracle-Ear can be held vicariously

liable under the TCPA for telephone calls placed by the Third-Party Defendants, so that

Miracle-Ear can bring an early summary judgment motion on that defense. If class

certification is granted, then a short second phase of discovery would occur, in which

Plaintiffs could conduct discovery of class-member specific information. The second

phase would also include discovery on merits defenses that was not conducted in the first phase.

The Plaintiffs oppose bifurcated discovery that prevents them from obtaining the information that will be necessary to fully develop their class certification motion, which will almost certainly include class-member specific information. However, Plaintiffs are amenable to a short, 90-day, second phase of discovery following the motion for class certification decision to prepare this matter for trial.

4.      The parties propose that the Court limit the use and number of discovery procedures for the first phase of discovery as follows:

       a)      No more than a total of _**25**____ interrogatories, counted in accordance with Rule 33(a), shall be served by each party upon another party.

       b)      No more than _**50**____ document requests shall be served by each party upon another party.  The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

       c)      No more than __**25**__ requests for admissions shall be served by each party upon another party.

5.      No more than __**0**__ Rule 35 Medical Examinations shall be taken by Defendant(s) and completed by _____.

6.      No more than ___**10**__ fact depositions, including Rule 30(b)(6) depositions, shall be taken by each party.

7.      Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:  None.

8.      The parties have agreed upon the following additional limitations on discovery procedures:  the parties will accept service of discovery documents electronically.

9.      <u>Other discovery issues</u>.

a)      Discovery of Electronically Stored Information.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:  <u>None at this time.</u>

***NOTE:  If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference.  The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences:  A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation.  The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.***

b)      Claims of Privilege or Work Product Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502.  As a result of those discussions, the parties:

i)      **<u>Do</u>** request the Court to include the following agreement in the scheduling order:

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this

proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

ii)  **Do** request the Court to include the following agreement(s) in the scheduling order:

Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiffs' first complaint was filed in this action.

Privilege logs must be provided by the producing party within 14 days of the production from which documents were withheld.

If the parties have not agreed to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:  None.

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1.  The plaintiff(s) anticipate(s) calling __1-3___ (number) of experts in the fields of:  database and dialing systems.

2.  Defendant Miracle-Ear anticipates calling __1-3___ (number) of experts in the fields of:   calling, telecommunications, and ATDS.

3.  Third-Party Defendants anticipate calling 1-3 (number) of experts in the fields of: telecommunications and dialing systems.

3.  Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the

written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

a)      Identities by Plaintiffs[1] on or before **September 30, 2021**.
Disclosures by Plaintiffs on or before **September 30, 2021**.

b)      Identities by Defendant and Third-Party Defendants on or before **October 29, 2021**.
Disclosures by Defendant and Third-Party Defendants on or before **October 29, 2021**.

c)      Rebuttal identities and disclosures on or before **November 26, 2021**.

3.      Expert discovery, including depositions, shall be completed by **December 12, 2021**.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.      Except as provided in paragraph 2 below, any motion that seeks to amend the pleadings or to add parties must be filed and served on or before **February 26, 2021**.

2.      (If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before _____.

3.      Except as provided in paragraph 4 below, all other non-dispositive motions, including those that relate to fact discovery, must be filed and served on or before **September 21, 2021**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4.      All non-dispositive motions that relate to expert discovery must be filed and served on or before **December 30, 2021**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

---

[1]      The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines by the party who bears the burden of proof on an issue rather than by plaintiff or defendant.

5.      The parties **do not** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## PROTECTIVE ORDER

The parties **do intend to submit a proposed Protective Order.**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**PLEASE NOTE:**  The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).  No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case.  The parties are further directed to Magistrate Judge Bowbeer's Practice Pointers and Preferences with regard to this topic (copy attached).  The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

## DISPOSITIVE MOTION DEADLINES

1.      The parties **do** believe that expert discovery must be completed before dispositive motions are filed. Miracle-Ear, however, believes the issue of whether it can be held vicariously liable to Plaintiffs for calls made by its franchisees, on which no expert testimony is anticipated, is appropriate for an early summary judgment motion.

2.      The parties **do** believe that early dispositive motions (i.e, before the completion of all fact and expert discovery) on one or more issues could be of material assistance in resolving the case.  If so, describe:  As noted, Miracle-Ear plans to bring an early summary judgment motion on the issue of whether Miracle-Ear can be held vicariously liable to Plaintiffs for calls made by its franchisees.

3.      The parties recommend that all dispositive motions (including *Daubert* motions) be filed and served on or before **March 31, 2022**.

## SETTLEMENT

1.      The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows:  Based on the allegations in the complaint and the nature of the putative class action, the parties believe discussion of a possible class settlement is premature at this time. Miracle-Ear may be interested in an individual settlement, should Plaintiffs make a demand.

2.      Each party must email to Magistrate Judge Bowbeer's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth any additional, confidential information about the party's interest in settlement or possible settlement proposals that may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts.  **PLEASE NOTE:**  This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bowbeer for ruling.

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.)  Please note that if the parties consent to magistrate

judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial in **June 2022**. The anticipated length of the trial is **5** days.

       ATTORNEYS FOR PLAINTIFFS AND
       PROPOSED CLASS

Dated: <u>December 8, 2020</u>    */s/ Catherine K. Smith*
       Catherine K. Smith #353723
       Daniel E. Gustafson #202241
       Raina C. Borrelli #392127
       GUSTAFSON GLUEK PLLC
       Canadian Pacific Plaza
       120 South 6th Street, Suite 2600
       Minneapolis, MN 55402
       Telephone: (612) 333-8844
       csmith@gustafsongluek.com
       dgustafson@gustafsongluek.com
       rborrelli@gustafsongluek.com

       Anthony I. Paronich (*pro hac vice* application forthcoming)
       PARONICH LAW, P.C.
       350 Lincoln St., Suite 2400
       Hingham, MA 02043
       617-485-0018
       anthony@paronichlaw.com

       Samuel J. Strauss
       TURKE & STRAUSS LLP
       936 N. 34th Street, Suite 300
       Seattle, WA 98103
       Tel: 608-237-1775
       sam@turkestrauss.com

       ATTORNEYS FOR MIRACLE-EAR, INC.

Dated: December 8, 2020    */s/ Erin L. Hoffman*
       Erin L. Hoffman
       Bar Number 0387835

Nathan Brennaman
Bar Number 0331776
Attorneys for Defendant
 *Miracle-Ear, Inc.*
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
erin.hoffman@faegredrinker.com
nate.brennaman@faegredrinker.com


ATTORNEYS FOR THIRD-PARTY
DEFENDANTS LAS DAVIS ENTERPRISES,
INC., HEARINGPRO, INC., AND TIFFANY
DAVIS

Dated: December 8, 2020

/s/ *Lawren A. Zann*
Beth-Ann E. Krimsky
(*Pro Hac Vice Admission pending*)
Lawren A. Zann
(*Pro Hac Vice Admission pending*)
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com

Jennifer Olson
Bar No. 0391356
BEST & FLANAGAN LLP
60 South 6th Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 339-7121
Fax: (612) 339-5897
jolson@bestlaw.com

13