# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mildred Baldwin and Ronald Struckhoff, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Miracle Ear, Inc.,<br><br>        Defendant/Third Party Plaintiff,<br><br>v.<br><br>Las Davis Enterprises, Inc., HearingPro, Inc., and Tiffany Davis,<br><br>        Third Party Defendants. | Civil No. 20-cv-1502 (JRT/HB)<br><br>**PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1] Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule.

The Court expects the parties and their counsel to work cooperatively throughout

---

[1] Parties who agree to seek a modification of this Scheduling Order may do so by filing a stipulation and proposed order and need not file a formal motion; however, the stipulation must still meet the requirements of Local Rule 16.3, including but not limited to a showing of good cause. The parties are further reminded that even if they stipulate to a modification of the Scheduling Order, they should not assume the Court will grant their request.

this litigation to narrow the issues in dispute, and to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes.

The parties are also reminded that Magistrate Judge Bowbeer's Practice Pointers, which are periodically revised, are available on the United States District Court for the District of Minnesota's website (*mnd.uscourts.gov)*.  All parties are expected to be familiar with and adhere to these Practice Pointers, including any variances from the Local Rules.

## **PLEADINGS**

1. All motions that seek to amend or supplement the pleadings or to add parties, together with supporting documents, must be filed and served on or before **February 26, 2021**.

2. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading.  (See Fed. R. Civ. P 15(a) and Local Rule 15.1.)

3. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.  In such case, the initial motion and supporting papers must be filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility.  To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility.  The total word count for the opening and reply memoranda may not exceed 12,000 words unless otherwise authorized.  If the other side does not argue futility, no reply will be permitted without leave of Court.  See ¶ 3 under Non-Dispositive Motions below.

**DISCOVERY DEADLINES AND LIMITS**

Defendants[2] have proposed bifurcation or phasing of fact discovery so as to focus on discovery pertinent to the issue of whether Miracle-Ear can be held vicariously liable under the TCPA for telephone calls placed by Third-Party Defendants, and discovery necessary for class certification, but not discovery into class-member specific information, and to defer discovery on all other issues.  Plaintiffs oppose this proposal.  The Court has considered carefully the parties' positions and is not persuaded that, in the circumstances of this case, bifurcation or phasing of discovery would result in more efficient use of the parties' or the Court's resources.  Therefore, the Court denies Defendants' request to bifurcate discovery outright.

At the same time, the Court is cognizant of the risk that unfettered discovery prior to a ruling on class certification could be both extensive and expensive, and could impose vastly asymmetrical burdens on Defendants.  Accordingly, the Court expects the parties to work together cooperatively to focus on discovery that is both relevant and proportional to the needs of the case in view of the issues identified in the pleadings, and to consider whether certain discovery could be deferred until after a ruling on vicarious liability or on class certification, without materially hampering Plaintiffs' ability to gather the information they need for those motions or increasing the likelihood that later discovery efforts will be duplicative.  The Court will, if appropriate, consider denying, limiting or deferring such discovery.

---

[2]     Any reference to Defendants herein includes Third-Party Defendants unless otherwise specified.

In addition, the Court agrees that an early motion on vicarious liability would advance the goals of Rule 1 of the Federal Rules of Civil Procedure. Accordingly, while the Court is not bifurcating or "staging" discovery, the Court expects the parties to cooperate in expeditiously identifying, requesting, responding to, and scheduling the discovery that must be completed before such a motion can be brought.

Accordingly, the following deadlines and limitations will govern fact discovery in this case:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **December 30, 2020**.

2. Fact discovery related to class certification and individual merits must be commenced <u>in time to be completed</u> on or before **September 1, 2021**. The parties will meet and confer regarding a proposed deadline to complete any remaining merits discovery following a ruling on the motion for class certification, should that motion be granted. Absent good cause shown, that additional period of merits discovery shall not be more than three months.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), may be served by each party on each other party. No more than **50 document requests** and no more than **25 requests for admissions** may be served by each party on each other party. A reasonable number of requests for admissions that are directed solely to the authenticity or genuineness of documents will not count toward this limit.

4. Each party may take no more than **10 fact depositions**, including Rule 30(b)(6) and non-party depositions.

5. The parties will work diligently and in good faith to negotiate and agree upon a protocol regarding the production of electronically-stored information ("ESI"). They will file a stipulation and proposed order, and will contemporaneously e-mail to *bowbeer_chambers@mnd.uscourts.gov* a Word version thereof, on or before **January 8, 2021**.[3] The parties are

---

[3] If the parties agree to an order establishing an ESI protocol, they may file a stipulation and proposed order without a motion and do not need to comply with Local Rule 7.1(b). If they agree to all but a very few discrete terms, they may still submit it by stipulation and proposed order, provided they clearly set forth the terms on which the

        expected to cooperate in identifying and discussing any additional issues that may arise following entry of the ESI protocol. Any disputes that cannot be resolved through a good faith meet and confer process must be brought promptly to the Court for resolution so that such disputes do not impede the progress of discovery.

6. The parties are reminded that Fed. R. Civ. P. 26(b)(1) provides that discovery must be both relevant to any party's claim or defense and proportional to the needs of the case, considering, *inter alia*, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues, as well as whether the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, requests must be tailored and specific to the issues, and general requests for "all relevant documents" do not meet these criteria.

    At the same time, Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

7. Claims of Privilege or Protection as Attorney Work Product.

    a. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

    b. Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

---

parties agree and their respective positions on the terms as to which they disagree. If they have more significant disputes about the terms of the protocol, they should contact chambers to find out how the Court would prefer to have those disputes presented.

> Privilege logs must be provided by the producing party within **14 days** of the production from which documents were withheld.

## **NON-DISPOSITIVE MOTIONS**

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1. *The required "meet and confer" must be meaningful and must include attempts to do so through personal contact, rather than solely through correspondence.* Unless a non-dispositive motion is unopposed, it must be scheduled for hearing prior to filing by calling Judith Kirby, Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, even when all parties are in agreement that no hearing is required.[4] If the moving party does not intend to file the motion promptly after receiving a hearing date from the Court, it must notify the other side in writing of the hearing date and the nature of the anticipated motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

The parties must promptly bring disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet-and-confer process. In other words, simply because this Scheduling Order establishes a deadline for filing a particular type of non-

---

[4]   If the parties agree that no hearing is necessary, that agreement must be clearly stated in the notice of motion. If the Court agrees, it will file an order canceling the hearing and stating its intention to take the motion under advisement on the papers.

dispositive motion does not mean the Court will automatically deem any motion brought by that deadline to have been timely filed.  The Court will consider whether the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and whether it appears that with the exercise of diligence, the motion could have been brought sooner.

1. All non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, must be filed and served on or before **September 15, 2021**.  This includes motions relating to fact discovery and motions to amend this Scheduling Order.[5]  The Court reminds the parties that, except in extraordinary circumstances, they must obtain a hearing date for a motion to amend this Scheduling Order BEFORE the deadline that they wish to amend expires.  (See LR 16.3(d).)

2. All non-dispositive motions and supporting documents that relate to expert discovery must be filed and served on or before **December 30, 2021**.

3. Reply Memoranda:  For any non-dispositive motion <u>other</u> than a motion to amend the pleadings as to which the other side argues futility, the moving party must obtain leave of Court before filing a reply memorandum.  Leave shall be sought by filing and serving a short letter explaining the need for a reply and identifying the issue or issues to be addressed.  The proposed reply must <u>not</u> be filed with the letter.  No response to the letter may be filed unless the Court requests it.  If the Court grants leave to file a reply, the reply must be filed and served no later than four days after the filing of the response to which it is directed unless the Court sets a different deadline.  Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

4. Discovery Motions:

    Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should also take care to prepare their

---

[5] If there is additional fact discovery to be completed following a ruling on the motion for class certification, any non-dispositive motions arising out of that fact discovery must be filed no later than fourteen days after the deadline by which that discovery must be completed.

documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Arguments should be precise and should be grounded in the current Federal Rules of Civil Procedure governing discovery, including recent amendments. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below:

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

Upon good cause shown by letter request pursuant to Local Rule 7.1(f)(1)(D), the Court will give a party leave to exceed the word limits for its memorandum if the additional words will help avoid the need for the Court to cross-reference multiple exhibits. The letter should reference this Scheduling Order.

## **INFORMAL DISPUTE RESOLUTION (IDR)**

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the magistrate judge. If all parties to the dispute do not agree to submit the dispute through the IDR process, the "moving party" (i.e., the party seeking relief from the Court) must proceed by formal motion. If the parties agree to submit the dispute through the IDR process, the "moving party" must file on CM/ECF a letter representing that the parties

wish to engage in IDR, and setting forth (1) the well-defined issue to be resolved, (2) the party's position on the issue, and the factual and legal basis for that position, and (3) a clear bullet-point summary of the relief sought. Within three business days after the "moving party's" letter is filed, each responding party must file a letter confirming its agreement that the dispute may be resolved through IDR and setting forth its position on the merits of the dispute. For purposes of this process, a letter that is filed after 4:30 p.m. Central Time will be considered as having been submitted the following day. Because of the short turn-around time for the IDR process, the parties' IDR letters must also be emailed to chambers (***bowbeer_chambers@mnd.uscourts.gov***) at the same time they are filed.

    The subject line of each letter must include the name of the case and the case number, and must clearly denote that the letter pertains to an IDR request. In addition, the subject line of the "moving party's" initial letter must state the date (no earlier than three days following the date the responsive letter is due) by which the parties would like to be heard. Each letter may not exceed five (5) pages, single-spaced, and may include no more than three (3) exhibits. The letter may include a concise discussion of legal authorities, but the magistrate judge will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce the time and expense associated with the resolution of non-dispositive issues that may arise during the pretrial process. The magistrate judge will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties.  At least one (1) attorney for each party knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the magistrate judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter.  There will be no transcript or other recording of the IDR conference call; however, the magistrate judge's order on the dispute will be reflected in a minute entry on CM/ECF, and is enforceable by the same means and to the same extent as if it had been rendered at the conclusion of formal motion practice.

In view of the absence of formal briefing, the lack of any transcript or recording of the conference call, and the fact that the minute entry will not discuss the reasoning underlying the magistrate judge's decision, the decision of the magistrate judge on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion.  In other words, by agreeing to submit a dispute to IDR, the party is agreeing to live with the decision the magistrate judge renders on that dispute at the conclusion of the IDR process.

## **PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS**

The parties are negotiating the terms of a stipulated protective order and expect to file a stipulation and proposed order no later than **December 31, 2020**. They should contemporaneously e-mail to *bowbeer_chambers@mnd.uscourts.gov* a Word version of the proposed order.

If following a meaningful meet and confer there is a dispute about the terms of a proposed protective order (or about whether an existing protective order should be modified), the dispute should be submitted to the Court as soon as possible in accordance with the procedures governing non-dispositive motions.[6] In the interim, absent extraordinary circumstances, any documents that a producing party believes should be covered by a protective order, or by the proposed modifications, may not be withheld on the basis that no protective order or no modified protective order is yet in place, but must be produced to opposing counsel, although they may be designated for outside attorney review only if there is a good faith basis for doing so. Opposing counsel must comply with the interim restricted designation for such documents until the Court resolves the dispute concerning the protective order. After the protective order is entered, the producing party must re-produce and re-designate the documents if necessary to conform

---

[6] If the parties agree to a protective order they may file the stipulation with the proposed order without a motion and do not need to comply with Local Rule 7.1(b). If they agree to all but a very few discrete terms, they may still submit it by stipulation and proposed order, provided they clearly set forth the terms on which the parties agree and their respective positions on the terms as to which they disagree. If they have more significant disputes about the terms of a protective order, they should contact chambers to find out how the Court would prefer to have those disputes presented.

to the protective order.

**The parties are reminded that Local Rule 5.6 governs the filing of documents under seal in this case.**

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

If a party files a document under seal, counsel must provide the Court with a courtesy copy of each sealed document either in hard copy or on a CD, thumb drive, or similar electronic storage media.  The confidential information (i.e., the information that was redacted from the publicly filed document) must be *highlighted in yellow* on the courtesy copy.  The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copy of that document must so note.  The courtesy copies must be delivered to the Court no later than the next business day after the documents are e-filed.

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing.  That a document was designated as confidential under a protective order cannot be the sole reason to support continued sealing.  If a redacted public version of any such

document has not already been filed, or if further good faith review by the party who asserts confidentiality reveals that some of the previously redacted material does not require sealing, the parties must cooperate to prepare and file a redacted version of that document, and must refer to it in the joint motion for sealing.

## **EXPERTS**

1. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as follows:

    Identification by Plaintiffs on or before **September 30, 2021**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **September 30, 2021**.

    Identification by Defendants on or before **October 29, 2021**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **October 29, 2021**.

    Rebuttal expert identities and disclosures on or before **November 29, 2021**.

2. Expert discovery, including depositions, must be completed by **December 13, 2021**.

## **SETTLEMENT CONFERENCE**

The parties agree that it is too early to determine when a settlement conference or private mediation could be productive in exploring possible resolution of this case. The Court will conduct a status conference by telephone in this matter on **at 8:30 a.m. on March 30, 2021**,[7] to discuss the parties' progress in discovery and prospects for

---

[7] If the starting time of the conference presents an issue for counsel because of family responsibilities, please contact chambers about rescheduling the conference.

settlement, including whether and, if so, when a settlement conference with the Court or private mediation should be scheduled.  Chambers will circulate conference bridge information a few days before the call.  Counsel must meet and confer on these topics in advance of the call, and must submit a joint update letter by email to chambers no later than **March 26, 2021**.  The letter should include the names and telephone numbers of those who will participate in the status conference.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court may, in its discretion, contact the parties ex parte to discuss settlement, or may consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations.  The content of any such ex parte communication shall be strictly limited to the topic of settlement and shall not touch on any matter that may come before the magistrate judge for a ruling.  The Court will treat such ex parte settlement communications as confidential unless otherwise advised.

## **DISPOSITIVE MOTIONS**

### **CLASS CERTIFICATION MOTION**

1. Plaintiffs must file their motion for class certification on or before **December 9, 2021**.
2. Defendants must file papers in opposition on or before **January 13, 2022**.
3. Plaintiffs' reply must be filed on or before **January 27, 2022**.

All papers in connection with the class certification motion must be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1.  Upon the motion being fully briefed by all parties,

counsel for the moving party shall request a hearing date by e-mailing the chambers of Chief District Judge John R. Tunheim at *tunheim_chambers@mnd.uscourts.gov*.  Upon receiving a hearing date, time, and location, the moving party shall promptly file the amended notice of hearing.

### ALL OTHER DISPOSITIVE MOTIONS

All other dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) must be served and filed by the moving party on or before **March 31, 2022**.  All dispositive motions must comply with Local Rule 7.1.  Responses to dispositive motions shall be filed with the Court and served on or before **21 days** after the service of the supporting memorandum to the original motion.  Replies to responsive briefs shall be served and filed **14 days** after the service of the response to the dispositive motion.  Upon the motion/s being fully briefed by all parties, counsel for the moving party shall request a hearing date by e-mailing the chambers of Chief District Judge John R. Tunheim at *tunheim_chambers@mnd.uscourts.gov*.  Upon receiving a hearing date, time, and location, the moving party shall promptly file the amended notice of hearing.

Except as set forth below, no party may file a motion for summary judgment before all discovery (fact and expert) has been completed without first obtaining permission from the undersigned.  Permission must be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed

at this time.  The other party or parties may file brief letters in support of or in response to the request within 5 days.  Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.  *Notwithstanding the foregoing, Defendant Miracle-Ear need not request permission before filing a motion for summary judgment on the issue of vicarious liability provided it believes in good faith after meeting and conferring with the other parties that all discovery pertinent to that motion has been completed.*

### TRIAL

This case shall be ready for a trial on **July 1, 2022**.[8]  The anticipated length of trial is **5** days.

Dated:  December 16, 2020            s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge

---

[8] Plaintiffs have requested a jury trial.  Defendants dispute whether Plaintiffs are entitled to a jury trial in this case.  The Court takes no position at this time on this issue.