# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MILDRED BALDWIN, RONALD STRUCKHOFF, STEPHEN BLATT, and MICHAEL SERATI, on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.

HEARINGPRO, INC. and MIRACLE-EAR, INC.

    Defendants

vs.

LAS DAVIS ENTERPRISES, INC.; HEARINGPRO, INC.; and TIFFANY DAVIS

    Third-Party Defendants.

Civil No. 20-1502 (JRT/HB)

**PRELIMINARY APPROVAL ORDER**

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant the motion.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

**FINDINGS:**

**1.** The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**2.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement. The proposed Settlement Agreement is fair, reasonable, and adequate and falls within the range meriting possible final approval, pursuant to Federal Rule of Civil Procedure 23(e)(2). The procedures for establishing and administering the benefits provided by the proposed Settlement satisfy Rule 23 and due process. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

**3.** The Court has reviewed the class notices and methods for providing notice to Settlement Class Members. The Long-Form Notice, Email Notice, Postcard Notice, and Claim Form (all attached to the Settlement Agreement as Exhibits 2-5, respectively), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4. The Court finds and determines that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement proposal under Rule 23(b)(3) of the Federal Rule of Civil Procedure. For settlement purposes only: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) for settlement purposes only, Plaintiffs' claims are typical of the Settlement Class's claims; (c) for settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members; (d) for settlement purposes only, the Plaintiffs and Class Counsel are adequate representatives of the Settlement Class and (e) for settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

Accordingly, based on a review of the file, record, and proceedings herein, **IT IS ORDERED THAT:**

1. **Preliminary Approval Granted.** The Court preliminarily approves the Settlement.

2. **Settlement Approval**. The Settlement Agreement, including the Long-Form Notice, E-mail Notice, Postcard Notice, and Claim Form attached to the Settlement Agreement as Exhibits 2-5 are preliminarily approved.

3. **Appointment of the Settlement Administrator and the Provision of Class Notice**. AB Data, Ltd. is appointed as the Settlement Administrator. The Parties and

Settlement Administrator will notify Settlement Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement. By the date established in the Parties' Settlement Agreement, the Class Administrator will maintain and administer a dedicated Settlement Website containing class information and related documents and allow for electronic claims to be made, in accordance with the Settlement Agreement. The Settlement Administrator shall abide by the Court's Protective Order in the case (Dkt. 64) and shall treat the records of Settlement Class Members as confidential and shall not disclose all or any portion of those records to any person or entity except to provide notice to Settlement Class members, contact Settlement Class Members to resolve questions or issues, distribute claim awards, or as authorized by Court Order. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the settlement, shall be paid in accordance with the terms set forth in the Agreements.

4. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than seventy-five (75) calendar days after the entry of this Order as set forth in Section 5 of the Settlement Agreement.

5. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the

Fees, Costs, and Expenses Award, or the Service Payment must file written objections with the Court no later than seventy-five (75) calendar days after the entry of this Order as set forth in Section 5 of the Settlement Agreement. Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, called telephone number, current telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection; and (f) be signed personally by the Settlement Class Member or such Member's counsel. Any Settlement Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections

including Notices of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

6. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

7. **Requesting Exclusion**. Settlement Class Members may elect not to be part of the Class and not to be bound by the Settlement Agreement as set forth in Section 6 of the Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that

the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than ninety-one (91) calendar days after entry of this Order.

8. **Provisional Certification**. The Settlement Class is, for settlement purposes only, provisionally certified as a class of:

> All persons in the United States that HearingPro called from July 1, 2016, through the date of the signature of the Settlement Agreement using the Five9 or Ytel dialing system.

9. **Conditional Appointment of Settlement Class Representatives and Settlement Class Counsel**. Plaintiffs Mildred Baldwin, Stephen Blatt, Michael Serati, and Ronald Struckhoff are conditionally certified as the class representatives to implement the Parties' Settlement in accordance with the Settlement Agreement. The law firms of Paronich Law, P.C., Gustafson Gluek PLLC, and Turke & Strauss LLP are conditionally appointed as Settlement Class Counsel. Plaintiffs and Settlement Class Counsel must fairly and adequately protect the Settlement Class's interests.

10. **Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification of the Settlement Class will be automatically vacated; (b) Plaintiffs and Settlement Class Counsel will stop functioning as the class representatives and class counsel, respectively; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already

incurred by, the Settlement Administrator. Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

11. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

12. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended in this case until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

13. **Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

14. **Application for Attorneys' Fees, Costs and Expenses, and for Service Awards.** Defendants shall bear no responsibility for any application for attorneys' fees and costs and service awards. At or after the Final Approval Hearing, the Court shall

determine whether any application for attorneys' fees and costs to Class Counsel and any service awards to Court-appointed Class Representatives shall be approved.

15. **Final Approval Hearing**. On September 6, 2022, at 2pm CDT, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiffs' motion in support of the Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. Any brief the Defendants may choose to file shall be filed on or before seven (7) calendar days before the Final Approval Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

16. **Summary Timeline.** The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Parties to provide the Settlement Administrator the Class List | On or before 14 days after entry of this Order |
|---|---|
| Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, email address, and P.O. Box to accept inquiries from Settlement Class Members | On or before 28 days after entry of this Order |

| Settlement Administrator provides Email Notice to Settlement Class Members | On or before 35 days after entry of this Order |
| --- | --- |
| Settlement Administrator provides Postcard Notice to Settlement Class Members to whom Email Notice is not successfully delivered | On or before 49 days after entry of this Order |
| Settlement Class Counsel to file motion in support of Fees, Costs, and Expenses Award and apply for Service Payment | On or before 56 days after entry of this Order |
| Settlement Class Members to file Claim Forms, object, or request exclusion from the Settlement Class | On or before 91 days after entry of this Order |
| Settlement Class Counsel to file motion in support of Final Approval | On or before 14 days before Final Approval Hearing |
| Defendants to file optional brief in support of Settlement | On or before 7 days before Final Approval Hearing |

**17.** **Continuing Jurisdiction**. The Court retains exclusive and continuing jurisdiction over the Parties and the class members to consider all further motions and applications arising out of, or connected with, the Settlement Agreement or related matters.

**18.** Pending final determination of whether the proposed settlement should be finally approved, neither Plaintiffs nor any Settlement Class Members, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against

any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the respective Released Claims.

DATED: May 2, 2022  
at Minneapolis, Minnesota

s/John R. Tunheim  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court