UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MILDRED BALDWIN, RONALD STRUCKHOFF, STEPHEN BLATT, and MICHAEL SERATI, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs<br><br>vs.<br><br>HEARINGPRO, INC. and MIRACLE-EAR, INC.<br><br>    Defendants<br><br>vs.<br><br>LAS DAVIS ENTERPRISES, INC.; HEARINGPRO, INC.; and TIFFANY DAVIS<br><br>    Third-Party Defendants. | Case No. 20-cv-1502 (JRT/BRT) |

### DECLARATION OF CATHERINE K. SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS COUNSEL'S FEE, LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

I, Catherine K. Smith of Gustafson Gluek, PLLC., declare under penalty of perjury:

1. I am co-counsel for plaintiffs Mildred Baldwin, Ronald Struckhoff, Stephen Blatt, and Michael Serati in the above-entitled litigation. This Declaration is being made in support of Plaintiffs' Motion for Approval of Class Counsel's Fees, Litigation Expenses, and Class Representative Service Awards ("Motion") on behalf of the attorneys who performed work in this litigation from all three Class Counsel firms. Except as otherwise

noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. The Class Counsel and other attorneys and paralegals from the Class Counsel firms worked collectively in this matter.

3. In this Declaration, I describe the following aspects of this litigation.

   a. The work that Class Counsel performed to advance this litigation and achieve this Settlement;

   b. The work that the four Class Representatives undertook to advance this litigation and achieve this Settlement

   c. The total time and expense incurred in this case.

4. Since the inception of this case through May 2022, Class Counsel have collectively expended over 3,200 hours which equates to a total lodestar of $1,762,863 applying each timekeeper's current hourly rate.

5. Additionally, Class Counsel incurred $61,312 as of May 2022 for prosecuting this action on behalf of the Settlement Class.

6. Class Counsel respectively attest that the above figures reflect the accurate number of hours reasonably expended on this litigation by attorneys and paralegals of each firm at each timekeeper's current hourly rate and the expenses incurred in this litigation as of May 2022. The time and expense spent on this Motion or further time and expense anticipated to be spent on the Final Approval Motion and overseeing the claims administration until completion is not included in this time and lodestar record.

7. Class counsel will provide a detailed lodestar and cost record for the Court's review if requested.

## Background of the Litigation and Discovery

8. Defendant Miracle-Ear is a company that sells Miracle-Ear branded hearing aids and maintains its principal place of business in Minneapolis, Minnesota.

9. Miracle-Ear is also the franchisor to hundreds of franchisees, including Defendant HearingPro, that advertise and sell Miracle-Ear products all over the United States.

10. Starting at the beginning of the class period, HearingPro, as Miracle-Ear's franchisee and agent, purchased calling data from third-party vendors that it knew had not been scrubbed against the Do Not Call Registry. HearingPro, acting as Miracle-Ear's agent, called these phone numbers to generate sales for Miracle-Ear despite knowing that these calls were illegal.

11. Plaintiffs served extensive discovery requests on Defendants and subpoenas on third-party vendors identified by Defendants through discovery.

12. Plaintiffs also engaged in discovery with the Missouri Attorney General's Office, where HearingPro is headquartered and does business.

13. Through first-party and third-party discovery, the Parties exchanged thousands of pages of documents.

14. Plaintiffs analyzed the document productions and hired outside expert, Anya Verkhovskaya, to assist in evaluating the call disposition codes used by HearingPro and to identify putative class members in the calling data produced.

15. Plaintiffs took and defended numerous depositions and engaged in motion practice on discovery and case management issues.

16. Throughout discovery, the Parties' counsel engaged in informal settlement discussions, none of which were successful.

17. After learning of another vendor from whom HearingPro purchased calling data, Plaintiffs moved the court to reopen limited discovery on November 11, 2021, to permit Plaintiffs to obtain information about whether the newly discovered vendor obtained consent for the telephone numbers it sold to HearingPro.

18. On December 8, 2021, the Parties participated in mediation with Hon. Arthur J. Boylan (Ret.) and reached an agreement on the broad terms of a settlement-in-principle to resolve all claims. The Parties continued to negotiate the terms of a final settlement agreement which took several weeks. During this time, the Parties worked together to select the claims administrator, and jointly and cooperatively endeavored to finalize the most effective and efficient notice and claims process.

19. On March 24, 2022, the Parties executed a Settlement Agreement resolving the claims of a class consisting of approximately 2,700,000 unique phone numbers that were called by Defendants from July 1, 2016 to March 24, 2022.

20. Preliminary approval of the settlement agreement was granted on May 2, 2022. Since then, the Claims Administrator, AB Data, has successfully mailed direct notice to 815,000 class members and delivered email notice to 468,000 class members. AB Data is continuing to send out notifications to class members. The notice contains specific language about the potential fee that attorneys in this case might seek and notified class

members that they could object to such a fee. As of the date of this filing, there have been no objections to the settlement by the class or the amount of fees to be requested.

## Work Performed and Fees Requested

21. Since the inception of this case through May 2022, Class counsel have collectively expended over 3,200 hours on this case. Class Counsel spent the hours, among other things, (i) engaging in extensive pre-complaint investigation and complaint drafting, including numerous calls and meetings with Class Representatives; (ii) negotiating formal and informal discovery, including sophisticated ESI protocols; (iii) reviewing and analyzing thousands of pages of discovery productions from Defendants and third-party sources, including technical and complex calling logs; (iv) engaging in extensive expert discovery (v) engaged in motion practice on discovery and case management issues; (vi) taking and defending numerous depositions; (vii) preparing settlement documents in preparation for mediation; (viii) participating in mediation; and (i) negotiating and drafting the settlement documents.

22. Class Counsel anticipate that the number of hours, the total lodestar, and the total expenses will increase when their work on this Motion is reflected, and also as they continue to work on the Final Approval Motion and Hearing as well as supervising the settlement administration, answering Settlement Class Member questions, and resolving any issues that arise.

23. The time Class Counsel expended on this case prevented them from working on other cases.

24. Class Counsel request $2,666,667 in attorneys' fees, which represents a lodestar multiplier of 1.5 at present.

25. Additionally, Class Counsel are seeking reimbursement of $61,312 for prosecuting this action on behalf of the Settlement Class. These expenses were incurred on an ongoing basis for such items as filing fees, travel costs, mediation, photocopying of documents, mail expenses, long distance telephone and facsimile expenses directly related to the prosecution of this Action. These expenses were reasonable and necessary to prosecute this litigation and obtain a valuable settlement with Defendants, and the time and expenditures were made for the direct benefit of the class. Class counsel will provide a detailed cost record for the Court's review if requested.

26. Class Counsel has not received any compensation for the work performed in this litigation and has not been reimbursed for the reasonable expenses reflected herein.

27. Finally, Class Counsel is seeking service awards for the Class Representatives. In this case, Plaintiffs have devoted time in the oversight of, and participation in, the litigation on behalf of the Class. Plaintiffs gathered documents and communicated information to Class Counsel. Plaintiffs were vital to the investigation Class Counsel undertook in preparation for filing the Complaint and maintained regular contact with Class Counsel regarding the status of this action. Plaintiffs Baldwin and Struckhoff both made themselves available to be deposed by Defendants. As such, Plaintiffs respectfully request Service Award totaling $15,000- $5,000 each for Plaintiffs Baldwin and Struckhoff, and $2,500 each for Plaintiffs Blatt and Serati- be approved.

28. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 27, 2022                    /s/ Catherine K. Smith
                                        Catherine K. Smith