## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MILDRED BALDWIN, RONALD STRUCKHOFF, STEPHEN BLATT, and MICHAEL SERATI, on behalf of themselves and others similarly situated, | Civil No. 20-1502 (JRT/DJF) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEY FEES** |
| MIRACLE-EAR, INC. and HEARINGPRO, INC., | |
| Defendants, | |
| v. | |
| LAS DAVIS ENTERPRISES, INC.; HEARINGPRO, INC.; and TIFFANY DAVIS, | |
| Third-Party Defendants. | |

This Court has reviewed Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 179) as well as Plaintiffs' Motion for Attorney Fees, Litigation Costs and Service Awards (ECF No. 173). On May 2, 2022, the Court, after considering the submissions and arguments of the Parties, granted Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement ("Settlement Agreement")[1] between Plaintiffs

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Mildred Baldwin, Ronald Struckhoff, Stephen Blatt, and Michael Serati (collectively "Plaintiffs" or "Class Representatives" and Defendants HearingPro, Inc., ("HearingPro") and Miracle-Ear, Inc., ("Miracle-Ear" and collectively "Defendants"). (ECF No. 170).

Having considered all the submissions and arguments of the parties, for the reasons addressed below, pursuant to Federal Rule of Civil Procedure 23, and in accordance with the terms of the Settlement Agreement, this Court finds good cause to grant Plaintiffs' unopposed Motions for Final Approval and Attorney Fees and enter final judgment in this case.

**FINDINGS**

1. Plaintiffs, on behalf of themselves and the Settlement Class and Defendants have entered into a Settlement Agreement and Release dated March 25, 2022 (the "Settlement"), that provides for a complete dismissal with prejudice of all the claims asserted against Defendants in this Action, as well as a complete release of all claims that could have been asserted against them and the other Released Defendant Parties by each other, by Plaintiffs, or by any other member of the Settlement Class, on the terms and conditions set forth in the Settlement, subject to the approval of this Court.

2. By Order dated May 2, 2022, this Court (i) preliminarily approved the Settlement; (ii) provisionally certified the Settlement Class solely for settlement purposes; (iii) appointed a Settlement Administrator (iv) approved of the proposed methods of

providing notice as reasonably calculated to adequately apprise Settlement Class Members of the pending lawsuit, the proposed Settlement, and their rights, including the right to object or exclude themselves from the Settlement; (v) informed Settlement Class Members of their right to object or exclude themselves from the Settlement; (vi) conditionally appointed Plaintiffs as Settlement Class Representatives; (vii) and conditionally appointed Settlement Class Counsel. (ECF No. 170).

3. On June 27, 2022, Plaintiffs filed a Motion for Award of Attorney Fees, Litigation Costs, and Service Awards. ("Plaintiffs' Fees Motion") (ECF No. 173). Plaintiffs requested that any Order on Plaintiffs' Fees Motion be consolidated with the Order on their Motion for Final Approval of Class Action Settlement. (ECF No. 174 at 23).

4. The Court conducted a hearing pursuant to Rule 23(e)(2) on September 16, 2022 (the "Fairness Hearing") to consider (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class and should therefore be finally approved, (ii) whether any application for attorney fees and costs to Class Counsel and any service awards to Settlement Class Representatives shall be approved, and (iii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants.

5. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

6. This Order incorporates and makes a part hereof the Settlement Agreement and Release filed with the Court on March 25, 2022. (ECF No. 161, Ex. A).

7. The Notice given to the Settlement Class in accordance with the Preliminary Approval Order of the Settlement and Motion for Attorney Fees was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the lawsuit, the proposed Settlement, and the rights of Settlement Class Members, including the right to opt out or exclude themselves from the Settlement, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. Direct notice was provided to all class members for whom an email address or mailing address could be ascertained. The notice administrator estimated that direct notice was send to approximately 1.9 million class members or approximately 81 percent of the unique phone numbers on the class list.

8. Similarly, notice of Class Counsel's Motion for Attorney Fees, Litigation Costs, and Service Awards given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action and fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. As to the Motion itself, the Court finds that:

a. This Action involved complex and novel legal and factual issues.

b. Class Counsel adequately represented the interests of the class through their conduct of this litigation and the Settlement negotiations as demonstrated by their investigation, motion practice, and development of this case.

c. Had Class Counsel not achieved the Settlement, there would have remained a significant risk that Plaintiffs and other Settlement Class Members may have recovered less or nothing from Defendants.

d. Class Counsel have devoted more than 3,200 hours, with a lodestar value of approximately $1,762,863 to achieve this Settlement, not including further time spent on the Fee and the Final Approval motions and hearings or any subsequent work that will be needed until the conclusion of the settlement distribution.

e. Therefore, the Court finds that Class Counsel's requests for Attorney's Fees $2,666,666.67, representing 33 and 1/3% of the Settlement Fund; Litigation Costs of $61,312; and Service Awards of $15,000 allocated as specified in the Motion, all to be paid out of the Settlement Fund, to be fair and reasonable.

9. For settlement purposes only, the Court finds that each element required for the certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of

Civil Procedure has been met. Specifically, for settlement purposes only, the Court finds (a) the Settlement Class of approximately 2 million class members is so numerous that joinder of all Settlement Class Members is impracticable; (b) Plaintiffs' claims are typical of the Settlement Class's claims as Plaintiffs allege all class members suffered the same harms of receiving a phone call to a number listed on the National Do Not Call Registry and/or receiving a prerecorded call to their cell phones; (c) there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members and would resolved the validity of the class claims as a whole, namely whether Defendants actions violated the Telephone Consumer Protection Act; (d) Plaintiffs and Class Counsel have adequately represented the class and their interests are sufficiently aligned to warrant approval of the settlement class as demonstrated by Plaintiffs' participation in depositions and development of evidence and research and by Counsel's diligent advocacy; and (e) class certification is superior to other available methods for the fair and efficient adjudication of the controversy rather than piecemeal resolution. Because the relatively small damages per class member it is unlikely that most class members would prefer to control their own actions as evidence in part by the few members who opted out. The Court need not consider whether the settlement class "would present intractable management problems" at trial.

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

10. Upon review of the record, the Settlement (i) is fair, reasonable, and adequate to the Class; (ii) was the product of informed, arms'-length negotiations among competent, able counsel, conducting in part with the assistance of an experienced outside mediator and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives, Class Counsel, and Defendants to adequately evaluate and consider their positions.

11. The persons who have timely and validly filed requests for exclusion from the Class are identified in Exhibit A attached to this Order.  (*See also* ECF No. 188, Sealed Ex. A).

Accordingly, based on a review of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. **Final Approval of Settlement Terms.** The Court finds that the Settlement is fair, reasonable, and adequate to the class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

2. **Provisional Certification.** The following class is certified solely for the purpose of the Class Settlement:

> All persons in the United States that HearingPro called from July 1, 2016, through the date of the signature of the Settlement Agreement using the Five9 or Ytel dialing system.

3. **Parties Bound.** All Parties to this Action, and all Class Members, are bound by the Settlement as set forth therein. Excluded persons identified in Exhibit A are no

-7-

longer parties to this Action and are not bound by the Settlement.

4. **Settlement Class Representatives.** Plaintiffs Mildred Baldwin, Ronald Struckhoff, Stephen Blatt, and Michael Serati have fairly and adequately represented the interests of the Settlement Class and are confirmed as Settlement Class Representatives.

5. **Settlement Class Counsel.** Class Counsel for the Settlement Class have fairly and adequately represented the Settlement Class, both in terms of litigating this Action and by entering into and implementing this Settlement. Therefore, Daniel Gustafson, Catherine Smith, and Tony Stauber of Gustafson Gluek PLLC, Anthony Paronich of Paronich Law PC, and Samuel Strauss and Raina Borrelli of Turke & Strauss LLP are confirmed as Class Counsel.

6. **Judgment.** Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

7. **Releases.** Plaintiffs' Releasing Parties—Plaintiffs and the Settlement Class Members (whether or not such Class Members submit Claim Forms), and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such), and all those who claim through them or who assert claims (or could assert claims)

on their behalf—do forever release, acquit, and discharge <u>Defendants'</u>
<u>Releasees</u>—Defendants, Third Party Defendants, and each of their past, present,
and future members, owners, direct and indirect parents, beneficiaries, heirs,
representatives, assigns, subsidiaries, managers, divisions, predecessors,
successors, holding companies, and affiliated companies and corporations,
including Las Davis Enterprises, Inc., and each of the past, present, and future
directors, officers, managers, employees, trustees principals, agents, associates,
administrators, insurers, reinsurers, shareholders, attorneys, accountants,
advisors, consultants, assignors, assignees, representatives, fiduciaries,
predecessors, successors, divisions, joint ventures, or related entities of those
companies including, but not limited to, the vendors, subvendors, contractors,
subcontractors, and service providers retained to make calls (or which were
involved in making calls for the Released Parties)—from any and all claims, causes
of action, suits, obligations, debts, demands, agreements, promises, liabilities,
damages, losses, controversies, costs expenses, and attorney fees of any nature
whatsoever, whether based on any federal law, state law, common law, territorial
law, foreign law, contract, rule, regulation, any regulatory promulgation (including,
but not limited to, any opinion or declaratory ruling), common law or equity,
whether known or unknown, suspected or unsuspected, asserted or unasserted,
foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive

or compensatory, of every nature and description whatsoever, prior to or as of the date of the Preliminary Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone or dialing equipment or an "artificial or prerecorded voice" to contact or attempt to contact members of the Settlement Class or liability—vicarious, direct, or otherwise—for such use. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the TCPA's implementing regulations, 47 C.F.R. § 64.1200, et seq., the Telemarketing Sales Rule, 16 C.F.R. § 310, et seq. (the "TSR"), any corollary or state laws similar to the TCPA and TSR, or enactment of any other statutory, regulatory, or common law claim arising thereunder.

8. **Bar Order.** The Class Representatives and all Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Plaintiffs' Claims against Defendants or any of Defendants' Releasees.

9. **Distribution.** The Plan of Distribution of the Settlement Fund as described in the Notice to Class Members is hereby approved, subject to modification by further order of this Court, which may, at its discretion, be entered without further notice to the Class.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Attorney Fees and Litigation Costs.** Class Counsel are awarded attorney fees in the amount of $2,666,666.67 and reimbursement of Litigation Expenses in the amount of $61,312. Such amounts shall be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

12. **Class Representative Service Awards.** Class Representatives Mildred Baldwin and Ronald Struckhoff are granted service awards of $5,000 each. Class Representatives Stephen Blatt and Michael Serati are granted service awards of $2,500 each. All service awards shall be paid out from the Settlement Fund in accordance with the terms of the Settlement.

13. **Retaining Jurisdiction.** Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Settlement and this Order.

14. Plaintiffs' Motion for Attorney Fees (ECF No. 173) is **GRANTED**.

15.  Plaintiff' Motion for Approval of Settlement (ECF No. 179) is **GRANTED**.

16. This Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby **DISMISSED WITH PREJUDICE.** Plaintiffs and Defendants shall bear their own costs and expenses.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 24, 2022     s/John R. Tunheim
at Minneapolis, Minnesota    JOHN R. TUNHEIM
            United States District Judge